UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

**DANIEL MICHAEL MORRISSEY,**

**Defendant.**

Case No.: 1:21-cr-00660-RBW

EMERGENCY MOTION FOR INTERIM MONETARY RELIEF TO PREVENT IMMINENT EVICTION

Comes now the Defendant, DANIEL MICHAEL MORRISSEY, proceeding *pro se*, and respectfully requests the Honorable Reggie B. Walton enter an immediate Order authorizing the disbursement of interim monetary relief to prevent the Defendant's imminent eviction and subsequent homelessness. This Motion is based on the urgent humanitarian crisis detailed herein and the necessity of immediate judicial action to protect the Defendant's survival, which is directly imperiled by the lack of "representation" of Anthony Solis.

I. STATEMENT OF FACTS

1. The Defendant has two substantive Motions for Relief pending before this Court, including the Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(3) (Doc. 95) and the subsequent Addendum (Doc. 96).
2. The core of the Defendant's requested relief, as detailed in Doc. 95 and Doc. 96, includes the return of all monies and fees paid to former private defense counsel, Anthony Solis, for his alleged misrepresentation and misconduct in this matter. This requested relief is tied directly to the Defendant's claims of fraud upon the Court.
3. On **October 6, 2025**, the Defendant received a Notice to Vacate for Non-Payment of Rent, Utilities or Other Sums (the "Notice"). A true and correct copy of this Notice is attached hereto as **Exhibit B**.
4. The Notice, issued by TAA Lease between the residents and CH DOF I-JLB MF DALLAS ROANOKE, L.P., explicitly states: **"your rights of occupancy and possession are hereby terminated."**
5. The Notice further demands possession of the dwelling by **11:59 p.m. on the 9th day of October, 2025**, which grants the Defendant less than 72 hours before facing eviction proceedings and subsequent homelessness.
6. The Defendant has exhausted all available resources and has no family or friends from whom to borrow money. As a direct result of the financial devastation incurred over the past five years in connection with this legal matter, the Defendant is currently without a vehicle or any other place to go upon the execution of the eviction order. The Defendant's survival is presently hanging in the balance.

**II. ARGUMENT FOR IMMEDIATE INTERIM RELIEF**

1. This Motion seeks relief that the Court has previously taken under consideration in the form of the monetary funds paid to former counsel, Anthony Solis, which are necessary to cure the rent delinquency and provide the Defendant with immediate shelter.
2. The Defendant's imminent eviction and risk of homelessness is a direct, catastrophic consequence of the prolonged legal and financial harm detailed in the underlying Motions, and is the **last straw** in a years-long struggle.
3. The Honorable Reggie B. Walton has the inherent authority to provide immediate, equitable relief to protect the integrity of its proceedings and to prevent an unconscionable result where a litigant is made homeless during the adjudication process for my claim of *fraud upon the Court*.
4. An immediate order authorizing the disbursement of the aforementioned requested funds is the only measure available to prevent the immediate and irreparable harm of homelessness and to maintain the *status quo* while the Court resolves the substantive issues of this case.

**III. CONCLUSION AND PRAYER FOR RELIEF**

WHEREFORE, the Defendant, DANIEL MICHAEL MORRISSEY, *pro se*, prays for an immediate Order from this Honorable Court:

1. **GRANTING** this Emergency Motion for Interim Monetary Relief.
2. **ORDERING** the immediate, expedited disbursement of the funds previously requested by the Defendant specifically, the monies and fees paid to former defense counsel, Anthony Solis to prevent the Defendant's eviction scheduled for October 9, 2025.
3. **SETTING** this Motion for an immediate telephonic or video conference hearing at the Court's earliest convenience.
4. **GRANTING** such other and further relief as the Court deems just and equitable.

Respectfully Submitted,


DANIEL MICHAEL MORRISSEY, MBA