November 13, 2024

Dear Customer,

The following is the proof-of-delivery for tracking number: 779835033413

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Mailroom |
| Signed for by: | B.DAVIS | Delivery Location: | |
| Service type: | FedEx 2Day | | |
| Special Handling: | Deliver Weekday; Direct Signature Required | | WASHINGTON, DC, |
| | | Delivery date: | Nov 12, 2024 09:52 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 779835033413 | Ship Date: | Nov 8, 2024 |
| | | Weight: | 1.0 LB/0.45 KG |

| Recipient: | Shipper: |
|---|---|
| WASHINGTON, DC, US, | LOS ANGELES, CA, US, |

FedEx Express proof-of-delivery details appear below; however, no signature is currently available for this shipment.  Please check again later for a signature.

Thank you for choosing FedEx

Honorable Reggie B. Walton
U.S. Federal Court
333 Constitution Ave, N.W.
Washington D.C. 20001


Reference: Case No.: 1:21-cr-660-RBW (2255 Motion)


Due Process Violations 5th & 14th Amendments
Daniel Michael Morrissey, MBA

1

G:\COMP\116\DUE PROCESS PROTECTIONS ACT.XML

## Due Process Protections Act

[Public Law 116–182]

[This law has not been amended]

⟦Currency: This publication is a compilation of the text of Public Law 116–182. It was last amended by the public law listed in the As Amended Through note above and below at the bottom of each page of the pdf version and reflects current law through the date of the enactment of the public law listed at https://www.govinfo.gov/app/collection/comps/⟧

⟦Note: While this publication does not represent an official version of any Federal statute, substantial efforts have been made to ensure the accuracy of its contents. The official version of Federal law is found in the United States Statutes at Large and in the United States Code. The legal effect to be given to the Statutes at Large and the United States Code is established by statute (1 U.S.C. 112, 204).⟧

AN ACT To amend the Federal Rules of Criminal Procedure to remind prosecutors of their obligations under Supreme Court case law.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

**SECTION 1. SHORT TITLE.**

This Act may be cited as the "Due Process Protections Act".

**SEC. 2. REMINDER OF PROSECUTORIAL OBLIGATIONS.**

Rule 5 of the Federal Rules of Criminal Procedure is amended—

(1) by redesignating subsection (f) as subsection (g); and

(2) by inserting after subsection (e) the following:

"(f) REMINDER OF PROSECUTORIAL OBLIGATION.—

"(1) IN GENERAL.—In all criminal proceedings, on the first scheduled court date when both prosecutor and defense counsel are present, the judge shall issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such order under applicable law.

"(2) FORMATION OF ORDER.—Each judicial council in which a district court is located shall promulgate a model order for the purpose of paragraph (1) that the court may use as it determines is appropriate.".

1


AUTHENTICATED
U.S. GOVERNMENT
INFORMATION
GPO

12/23/24

Daniel Michael Morrissey, MBA



Honorable Reggie B. Walton
U.S. Federal Court
333 Constitution Ave, N.W.
Washington D.C. 20001

Reference: Case No.: 1:21-cr-660-RBW

**MOTION FOR POST-CONVICTION RELIEF: DUE PROCESS VIOLATIONS AND
CONSPIRACY DENIAL OF RIGHTS BY TORTORICE, TROOLINES, SOLIS**

**COMES NOW [Daniel Michael Morrissey], the Defendant in the above-captioned case, and
respectfully moves this Court for post-conviction relief under [Federal law, e.g., 28 U.S.C. §
2255], on the grounds that his constitutional right to due process under the Fifth and
Fourteenth Amendments was violated. The Petitioner asserts that his conviction was
obtained through the intentional and conspiratorial withholding of exculpatory evidence by
the prosecutor (Tortorice), FBI agent (Troolines), and his private defense attorney (Solis).
In support of this motion, the Petitioner states as follows:**

## I. INTRODUCTION

This case presents a **profound** violation of constitutional rights and ethical obligations. The
Government (FBI, Troolines, DOJ, Tortorice) and defense counsel (Solis) conspired to withhold
exculpatory evidence that would have demonstrated the Petitioner's innocence. This misconduct
violates the Due Process Clause of the Fifth and Fourteenth Amendments, the Due Process
Protection Act, the principles established in **Brady v. Maryland**, 373 U.S. 83 (1963), and the
Government's obligation under the protective order in this case, clause 12.

## II. STATEMENT OF FACTS

1. **Protective Order Obligation:**
   - The Protective Order Governing Discovery this case explicitly stated in clause 12
     "nothing in this order modifies the Government's obligation to disclose
     exculpatory evidence."
   - Despite this obligation, the prosecutor (Tortorice), FBI agent (Troolines), and
     defense attorney (Solis) willfully conspired to suppress critical exculpatory
     evidence, which exonerates me – defense of necessity, as confirmed by Becky
     Neal at D.C. Disciplinary Counsel.
   - 

2

2. **The Exculpatory Evidence:**
   - The withheld evidence includes CCTV video from the Capitol positioned above the Columbus Door(s) point of entry and depicts agents, as well as members of the Capitol Police opening the Columbus Door(s), but only after gaining agreement from the Capitol Police to do so.
     1. Brady Video One: CCTV Footage Facing the Columbus Door(s) entry at 12:15-12;16
        1. See screenshots
     2. Brady Video Two: CCTV Footage Facing the Rotunda (second Brady Video) entry at 2:47
        1. See screenshots
   - This evidence directly supports the Petitioner's innocence and undermines the Government's case.
     1. The public's entry was induced by the agents already inside the Capitol.
     2. Once the door was opened, the defendant had no choice, but to move forward or be trampled- defense of necessity.
3. **The Conspiracy to Withhold Evidence:**
   - Two months after the Petitioner was sentenced, the defense attorney (Solis) sent an email to the prosecutor (Tortorice) admitting to conspiring to withhold the exculpatory evidence.
     1. Date 10/15/22
     2. Second email date 9/27/22
     3. See transcript of Status Hearing 7/14/22
   - This email explicitly details the agreement between Christopher Tortorice, prosecutor (FBI Agent, Troolines is implicated by the prosecutor as well), and defense attorney, Anthony Solis to suppress evidence favorable to the defense before the Status Hearing on 7/14/22.
     1. Tortorice made false statements to the court on 7/14/22
        1. See transcript "No, Your Honor"
     2. Solis said nothing to defend his client and was more concerned about the Bar complaint rather than fulfilling his fiduciary duty to Mr. Morrissey.
        1. See transcript
4. **Resulting Prejudice:**
   - The suppression of this evidence denied the Petitioner the ability to present a full and fair defense, resulting in a fundamentally unfair and unconstitutional legal proceeding.
   - Had the exculpatory evidence been disclosed, as prescribed by the Constitution, the Due Process Protection Act, Brady v. Maryland, and the Government's own Protective Order (clause 12) there is a reasonable probability that the outcome of the legal proceeding would have been different.

3

## III. LEGAL ARGUMENTS

### A. Violation of Due Process Under the Fifth and Fourteenth Amendments

The suppression of exculpatory evidence violated the Petitioner's right to due process guaranteed by the Fifth and Fourteenth Amendments.

- **Brady v. Maryland**, 373 U.S. 83 (1963): The Supreme Court held that withholding evidence favorable to the defense constitutes a due process violation.
- **Kyles v. Whitley**, 514 U.S. 419 (1995): The Government has a duty to disclose all favorable evidence, including information known to law enforcement agents.
- There's no excuse as the Due Process Protection Act notice was given at first hearing.
- Clause 12 in the Government's Protective Order states that **NOTHING** modifies the Government's obligation to disclose exculpatory evidence.

The prosecutor's (Tortorice) suppression of evidence, compounded by the active participation of the FBI agent (Troolines) and defense attorney (Solis)**, egregiously** violated these principles, thus making this legal proceeding unconstitutional.

### B. The Government's Obligation Under the Protective Order & Due Process Protection Act

The protective order in this case expressly preserved the Government's duty to disclose exculpatory evidence. The prosecutor's failure to comply with this order further demonstrates bad faith and a deliberate disregard for constitutional protections.

    See attachments

### C. Materiality of the Suppressed Evidence

To establish a Brady violation, the Petitioner must demonstrate that the suppressed evidence was material.

- Materiality exists where there is a "reasonable probability" that the result of the proceeding would have been different had the evidence been disclosed (*United States v. Bagley*, 473 U.S. 667, 682 (1985)).
- The suppressed evidence in this case directly undermines the prosecution's theory and corroborates the Petitioner's innocence, satisfying the materiality standard.

### D. Conspiracy to Suppress Evidence

The active conspiracy among the prosecutor (Tortorice), FBI agent (Troolines), and defense attorney (Solis) constitutes additional misconduct.

- Under *United States v. Agurs*, 427 U.S. 97 (1976), even unintentional suppression can violate due process; here, the intentional nature of the suppression exacerbates the harm.

4

- The defense attorney's confession email confirms the deliberate nature of this misconduct.
- OIG's refusal to investigate my claims and punting as it were to EO DOJ USA
  - See multiple complaints to OIG
  - See email to Norman Wong, Acting Director of EO DOJ USA
- The rot and corruption in my case is systemic encompasses several Governmental agenices.

---

I can prove the following:

- **Deprivation of Rights Under Color of Law (18 U.S.C. § 242):**
- **Conspiracy Against Rights (18 U.S.C. § 241):**
- **Obstruction of Justice (18 U.S.C. § 1503):**
- **Conspiracy to Obstruct Justice (18 U.S.C. § 371):**
- **Misprision of Felony (18 U.S.C. § 4):**
- **Aiding and Abetting (18 U.S.C. § 2):**
- **Perjury or False Statements (18 U.S.C. § 1621, § 1001):**
- **Fraud Upon the Court:**
- **Misconduct in Office/Abuse of Power:**
- **Prosecutorial Misconduct:**
- **Brady Violation (Ethical Misconduct):**

---

I have provided my documents along with the Brady Videos intentionally withheld from me to members of Congress for their upcoming hearings on the true nature of the events of January 6th, 2021.

My claims have been reviewed and substantiated.

## IV. REQUEST FOR RELIEF

Based on the above, the Defendant respectfully requests the following:

1. **Vacate the Conviction:** Overturn the conviction and sentence.
2. **Other Relief Deemed Just and Proper:** Restore my status before this political, wanton, malicious prosecution, as well as impose compensatory and punitive damages sought by the defendant against Solis, Tortorice and other bad actors (agencies, and or, entities) that conspired against me to deprive me of my Constitutional Rights for political purposes.
    1. Expunge all charges and a public declaration of the innocence for Daniel Michael Morrissey.
    2. Public proclamation of the **systematic** misdeeds, injustices, fraud imposed by Solis, Tortorice, Troolines, the FBI and the DOJ and acknowledgment of the conspiracy to deprive the defendant his Constitutional Rights.

## V. SUPPORTING EXHIBITS

[Attached is relevant documentation as exhibits, including the following:]

1. Copy of the email from Defense Counsel to the Prosecutor.
2. Evidence of the withheld exculpatory information
    1. Defendant already provided three Brady Videos to Judge Walton's chamber on flash drive, 11/12/24
        1. Brady Video facing Columbus Door
            1. *see screenshots
        2. Brady Video facing Rotunda
            1. *see screenshots
3. Trial transcripts or other case records demonstrating the prejudice caused by the errors.

## VI. CONCLUSION

WHEREFORE, the Defendant prays that this Court grant the requested relief and provide an opportunity to rectify the **GREAT** miscarriage of justice caused by Due Process violations, which prove prosecutorial misconduct, as well as malicious prosecution.

**Respectfully submitted,**

Daniel Michael Morrissey, MBA

5/16/23, 1:22 PM                    All mail ██████████ Proton Mail

## Fw: [EXTERNAL] Video Evidence of My Entry Into The Capitol

From    Dan Morrissey ███████████████████

To      anthonysolislaw@gmail.com

Date    Saturday, October 15th, 2022 at 4:13 AM

For the last time, PLEASE get the video of my entry in to the Capitol from the prosecution.

The same deadline is reasonable, Oct 19th, 2022 by 5:00 PT.


- Dan Morrissey


Sent from Proton Mail mobile



-------- Original Message --------
On Oct 14, 2022, 1:49 PM, Tortorice, Christopher (USADC) < Christopher.Tortorice@usdoj.gov> wrote:

Mr. Morrissey,

I apologize for my delay in responding to your email below.  Unfortunately, the Rules of Professional Conduct (*see* model rule 4.2) prohibit me from communicating with a person I know to be represented by counsel about the subject matter of the representation.  Should Mr. Solis or any other attorney representing you reach out to me, I'll be happy to address whatever concerns they may have.


Thanks,


Chris Tortorice

Assistant United States Attorney



**From:** Dan Morrissey ██████████████████
**Sent:** Wednesday, October 12, 2022 10:54 AM
**To:** Tortorice, Christopher (USADC) <CTortorice@usa.doj.gov>

https://mail.proton.me/u/3/all-mail/PWnBJxHVG_sjTi2lcnNvd-uGm_MSAjLzqf953aSekSlpvGSXkbgQrkydJF4NayY0V6LOgtcp3DnB_oMYhVf8EA==/3...     1/3

## Daniel Morrissey; 21-cr-660-RBW

From    Anthony Solis <anthonysolislaw@gmail.com>

To      Tortorice, Christopher (USADC)<christopher.tortorice@usdoj.gov>

Date    Saturday, October 15th, 2022 at 8:25 AM

Chris:

You'll recall that prior to the July 14, 2022 status conference in Mr. Morrissey's case, we discussed that Mr. Morrissey found in the public domain additional videos depicting him entering the Capitol. These images were not provided to the defense in the production of discovery in this case. I'm requesting that the government provide any and all videos in the government's possession depicting Mr. Morrissey's entry into the Capitol.

--

Anthony M. Solis

A Professional Law Corporation

23679 Calabasas Road, Suite 412

Calabasas, CA 91302-1502

213-489-5880 – Phone

213-489-5923 – Fax

213-220-5274 - Mobile

anthonysolislaw@gmail.com

www.anthonysolis.com

This message is a confidential communication. It may be an attorney-client communication and, as such, privileged and confidential. If you are not the intended recipient, please do not read, copy or use it and do not disclose it to others. Notify the sender of the error by replying to this message, then delete it from your system.



**DEPARTMENT OF JUSTICE** | OFFICE OF THE INSPECTOR GENERAL

October 25, 2023

Daniel Morrissey

████████████████████████

Dear Mr. Morrissey:

Thank you for your recent correspondence received on October 19, 2023. The U.S. Department of Justice (DOJ), Office of the Inspector General, investigates allegations of misconduct by employees and contractors of DOJ, as well as waste, fraud and abuse affecting DOJ programs and operations. After reviewing your complaint, we have determined that the matters that you raised are more appropriate for review by other offices within the DOJ. Therefore, we have forwarded your correspondence to:

U.S. Department of Justice
Office of Professional Responsibility
Director
950 Pennsylvania Avenue, NW
Washington, DC 20530

U. S. Department of Justice
Executive Office for U.S. Attorneys
General Counsel
950 Pennsylvania Avenue, NW
Washington, DC 20530

Please direct any further correspondence regarding this matter to these offices.

Of course, if you have information that involves other allegations or issues regarding DOJ employees, contractors, programs or operations, please feel free to submit that information to us.

Thank you for giving us the opportunity to review your concerns.

Sincerely,

Office of the Inspector General
Investigations Division

## RE: [EXTERNAL] January 6th Whistle-Blower

| | |
|---|---|
| From | USAEO-SCSMailRoom <USAEO.SCSMailRoom@usdoj.gov> |
| To | danmorrissey |
| Date | Wednesday, November 15th, 2023 at 8:42 AM |

Greetings, Mr. Morrissey –

This responds to your letter, included below, to Mr. Norman Wong. Your letter was forwarded to the Executive Office for United States Attorneys, Strategic Communications Staff for response.

It appears the issues you have raised can be addressed by the attached document, which contains information on common requests for assistance.  Please see the specific section in the screen capture below concerning reporting allegations of misconduct to the Office of Professional Responsibility.

> **Allegations of misconduct by an Assistant United States Attorney:**
> The United States Attorneys' offices (USAOs) seek in all their proceedings to maintain the utmost ethical and professional conduct.  It is the goal of the USAOs to guarantee a fair trial to all citizens who come under federal prosecution.  If you believe that the Assistant United States Attorney handling your case engaged in misconduct in connection with his or her official duties, you may contact the Department's Office of Professional Responsibility at 950 Pennsylvania Avenue, NW, Room 3266, Washington, DC 20535-0001.  That office is responsible for investigating allegations that Department attorneys have engaged in misconduct in connection with their duties.

We hope this is helpful in addressing your concerns.

Regards,

Strategic Communications Staff

Attachment

**From:** Dan Morrissey
**Sent:** Wednesday, November 15, 2023 7:15 AM
**To:** Wong, Norman (USAEO) <NWong@usa.doj.gov>
**Subject:** [EXTERNAL] January 6th Whistle-Blower

Good Morning Mr. Wong,

My name is Dan Morrissey, and I am a January 6th whistle-blower. I caught your prosecuting attorney, Christopher Tortorice working with my former, private defense attorney, Anthony Solis to withhold exculpatory evidence from me. I've gone to the Office of the Inspector General, and I was referred to your office.

This video is from the Capitol CCTV above the Columbus Door on January 6th, 2021 at roughly 2:25pm:

https://archive.org/details/MXDuwX6qZa3TAzrYM

My entry can be seen at 12:15-12:16 please see screenshots.

Christopher Tortorice, has intentionally withheld this video from me, and is a flagrant violation of my Constitutional right to Due Process, as you know, codified in: 5th, 14th Amendments, Brady vs. Maryland, Due Process Protection Act, to name a few.

What the Department of Justice has done to me is deny me, an American citizen, my Constitutional rights, and stripped me from my ability to defend myself form the allegations levied against me, and as you know, the American Justice System I am presumed innocent, until proven guilty. This is unacceptable.

As you can imagine, I have had to endure harsh treatment from the government for a crime I didn't commit. As you can see from the video, once the Columbus Door was unlocked by the Capitol Police, and the "agent" either, protestor, or agent provocateur, opened the Columbus Door, the crowd surged and I had no choice, but to move forward, or be trampled.

I can invoke the defense of necessity, which, as you know, is an affirmative defense. I meet all of the elements of necessity, and this is why the Christopher Tortorice, dare not provide that video in discovery, or thereafter.

Elements of Necessity:

- The defendant must reasonably have believed that there was an actual and specific threat that required immediate action
- The defendant must have had no realistic alternative to completing the criminal act
- The harm caused by the criminal act must not be greater than the harm avoided
- The defendant did not himself contribute to or cause the threat

I provided a version of that video, which depicts my entry into the Capitol to my former, private "defense" attorney, Anthony Solis, at which time, he told me it didn't matter, and allowed me to plead guilty to a crime I didn't commit. There is an open State Bar complaint, case: 22-O-05259.

Please feel free to contact Ms. Lisa Stowe at The State Bar of California:

213-765-1000

Lisa.Stowe@calbar.ca.gov

My life has been turned upside down because of the false allegations levied against me, and I have endured economic hardship, and social isolation due to the unjust prosecution. As of two weeks ago, I am now receiving threats against my personal safety for speaking out. This needs to end now.

I can be reached at 213-309-1350.

I look forward to having a substantive conversation with you.

Thank you for your time.

- Dan Morrissey | Romans 8:28

Sent with Proton Mail secure email.

---

**54.70 KB**   1 file attached   1 embedded image

 **DEPARTMENT OF JUSTICE** | OFFICE OF THE INSPECTOR GENERAL

December 4, 2023

Dan Morrissey

█████████████████

Dear Mr. Morrissey:

Thank you for your recent correspondence received on November 28, 2023. The U.S. Department of Justice (DOJ), Office of the Inspector General, investigates allegations of misconduct by employees and contractors of DOJ, as well as waste, fraud and abuse affecting DOJ programs and operations.  After reviewing your complaint, we have determined that the matters that you raised are more appropriate for review by other offices within the DOJ.  Therefore, we have forwarded your correspondence to:

U.S. Department of Justice
Office of Professional Responsibility
Director
950 Pennsylvania Avenue, NW
Washington, DC 20530

U. S. Department of Justice
Executive Office for U.S. Attorneys
General Counsel
950 Pennsylvania Avenue, NW
Washington, DC 20530

Please direct any further correspondence regarding this matter to these offices.

Of course, if you have information that involves other allegations or issues regarding DOJ employees, contractors, programs or operations, please feel free to submit that information to us.

Thank you for giving us the opportunity to review your concerns.

Sincerely,

Office of the Inspector General
Investigations Division

 **DEPARTMENT OF JUSTICE | OFFICE OF THE INSPECTOR GENERAL**

February 8, 2024

Daniel Michael Morrissey

Dear Mr. Morrissey:

Thank you for your recent correspondence received on February 4, 2024. The U.S. Department of Justice (DOJ), Office of the Inspector General, investigates allegations of misconduct by employees and contractors of DOJ, as well as waste, fraud and abuse affecting DOJ programs and operations.  After reviewing your complaint, we have determined that the matters that you raised are more appropriate for review by other offices both within and outside the DOJ.  Therefore, we have forwarded your correspondence to:

| | |
|---|---|
| U. S. Department of Justice | U.S. Department of Justice |
| Executive Office for U.S. Attorneys | Office of Professional Responsibility |
| General Counsel | Director |
| 950 Pennsylvania Avenue, NW | 950 Pennsylvania, NW |
| Washington, DC 20530 | Washington, DC 20530 |

The OIG considers the matters raised in your most recent letter and in previous correspondence to be closed, and we do not intend to exchange further correspondence with you regarding this matter.  Any further correspondence regarding this matter should be directed to the offices identified above.

Thank you for giving us the opportunity to review your concerns.

Sincerely,

Office of the Inspector General
Investigations Division



# OFFICE OF DISCIPLINARY COUNSEL

Hamilton P. Fox, III
*Disciplinary Counsel*

Julia L. Porter
*Deputy Disciplinary Counsel*

*Senior Assistant Disciplinary Counsel*
Jack Metzler
Becky Neal

*Assistant Disciplinary Counsel*
Caroll G. Donayre
Jerri U. Dunston
Lisa M. Fishelman
Dru M. Foster
Jason R. Horrell
Ebtehaj Kalantar
Jelani C. Lowery
Sean P. O'Brien
Melissa J. Rolffot
William R. Ross
Traci M. Tait
Cynthia G. Wright

*Investigative Attorney*
Azadeh Matinpour

*Senior Staff Attorney*
awrence K. Bloom

*Staff Attorney*
Arquimides R. Leon
Angela M. Walker

*Manager, Forensic Investigations*
Charles M. Anderson

*Forensic Investigator*
Charles Miller

December 21, 2023

***CONFIDENTIAL***

Dan Morrissey
**Sent *via* email only:** ~~███████████████~~

Re:     **Tortorice/Morrissey
CJA Number: 2023-C062**

Dear Mr. Morrissey:

We reviewed the disciplinary complaint that you filed against Christopher T. Tortorice, Esquire. Mr. Tortorice represented the government in the criminal case filed against you, *USA v. Morrissey*, case no. 21-00660, filed in U.S. District Court (DC). On August 23, 2022, you filed a notice of appeal. You claim that Mr. Tortorice withheld exculpatory evidence - specifically a video of you entering the capitol. It appears that you have also filed a complaint with the Department of Justice.

We decline to investigate further. We do not have sufficient evidence that Mr. Tortorice knowingly withheld exculpatory evidence. It appears that you located a copy of the video in "the public domain," which shows that you entered the Capitol through an unlocked door and supports your defense that you did so out of necessity. Both you and your attorney at the time notified Mr. Tortorice about the video you located. You provided an email from Mr. Tortorice dated November 1, 2022, in which he denies "intentionally withholding any videos." We appreciate that you believe he is being dishonest, but we do not have sufficient information that knowingly withheld video evidence.

Further, court records show that you have filed an appeal in U.S. Court of Appeals for D.C., in the matter of *USA v. Morrissey*, case number 22-3059. On December 11, 2023, your appellate attorney filed a motion asking the court to set a briefing schedule. The prosecutor also filed a motion that day but asked that your matter be remanded. The court has not entered an order. You may raise your concerns with your attorneys and the court. If a court, or the Department of Justice, finds that Mr. Tortorice acted improperly, you may send us the written decision for our consideration. We will not interfere in ongoing court proceedings.

Dan Morrissey
Tortorice/Morrissey
CJA Number: 2023-C062
Page 2

We docket cases for further investigation when the complaint: (1) is not unfounded on its face; (2) contains allegations which, if true, would constitute a violation of the Attorney's Oath of Office or the Rules of Professional Conduct that would merit discipline; and (3) concerns an attorney admitted to practice law in the District of Columbia. The information you provided does not satisfy at least one of these three criteria.

Accordingly, we decline to open a full investigation of this matter and have closed this file. Thank you for bringing your concerns to our attention.

Sincerely,

Becky Neal
Senior Assistant Disciplinary Counsel

BN:lnm

Your Honor, I have taken screenshots of the Brady video depicting my entry:

1:52



2:04



2:06



2:07



Here are the screenshots from the corroborating Brady Video from the Columbus Door on January 6th, 2021.

My entry can be seen at 2:47 grey North Face jacket and backpack.



As you can see from the second Brady Video, I stumbled through the door because the crowd surged. It confirms the first Brady Video.



I did not touch anyone, and go out of my way to avoid bumping the man in front of me.

This confirms my defense of necessity, which I didn't even know was a thing (defense) until April of this year, and conducting further research on my case.

I meet all of the elements of necessity.

Thank you for your time.

12|3|21

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA             :
                                     :
v.                                   :        CASE NO. 1:21-660-RBW
                                     :
DANIEL MICHAEL MORRISSEY             :
                                     :
                                     :
            Defendant.               :

## PROTECTIVE ORDER GOVERNING DISCOVERY

To expedite the flow of discovery material between the parties and adequately protect the

United States' legitimate interests, it is, pursuant to the Court's authority under Fed. R. Crim. P.

16(d)(1) and with the consent of the parties, ORDERED:

1.     **Materials Subject to this Order.**  This Order governs materials provided by the

United States at any stage of discovery during this case and which the United States has

identified as either "Sensitive" or "Highly Sensitive."  Examples of materials that the United

States may designate as "Sensitive" or "Highly Sensitive" pursuant to this Order include but are

not limited to:

    a.  Personal identity information as identified in Rule 49.1 of the Federal Rules of
        Criminal Procedure, as well as telephone numbers, email addresses, driver's
        license numbers, and similar unique identifying information;
    b.  Information regarding the government's confidential sources;
    c.  Information that may jeopardize witness security;
    d.  Contact information for, photographs of, and private conversations with
        individuals that do not appear to be related to the criminal conduct in this case;
    e.  Medical or mental health records;
    f.  Sources and methods law-enforcement officials have used, and will continue to
        use, to investigate other criminal conduct related to the publicly filed charges;
    g.  Surveillance camera footage from the U.S. Capitol Police's extensive system of
        cameras on U.S. Capitol grounds;[1]

*(handwritten margin notes: "I HAD) TO DISCLOSE", "NEVER PROVIDED", "ENTIRETY")*

---

[1] To be clear, this does not include footage from body worn cameras from other police departments that responded
on January 6, 2021, the vast amount of which the United States will *not* designate as Sensitive or Highly Sensitive.
(Body worn camera footage will be marked Sensitive or Highly Sensitive only if it contains material described in
paragraph one above or for a similar reason not anticipated by this Order.)

redact specific information shall be memorialized in writing.

9.      **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Order nor prevent the defense from contesting a sensitivity designation.  The parties agree that the burden of demonstrating the need for a protective order remains with the government at all times.

10.     **Failure not Waiver.**  The failure by the United States to designate any materials as Sensitive or Highly Sensitive upon disclosure shall not constitute a waiver of the United States' ability to later designate the materials as Sensitive or Highly Sensitive but the government must separately identify and memorialize the changed status of those materials in writing.

11.     **Automatic Exclusions from this Order.**  This Order does not apply to materials that:

    a.  Are, or later become, part of the public court record, including materials that have been received in evidence in this or other public trials or hearings;

    b.  Were derived directly from Defendant or that pertain solely to Defendant. Examples of such materials include Defendant's own financial records, telephone records, digital device downloads, social media records, electronic communications, arrest records, and statements to law enforcement;[2] and

    c.  Materials that the defense obtains by means other than discovery.

12.     **Government's Discovery Obligations.**  Nothing in this Order modifies the United States' obligations at any stage of discovery in this case pursuant to Federal Rules of Criminal Procedure 16 and 26.2, Local Criminal Rule 5.1, 18 U.S.C. § 3500 (the Jencks Act), and the government's general obligation to produce exculpatory and impeachment information in

SOLIS NEVER

---

[2]  Discoverable materials that were derived directly from Defendant or that pertain solely to Defendant are exempt from this Order regardless of whether the United States has designated any such materials as "Sensitive" or "Highly Sensitive" because the same materials are being provided or made available to co-defendants or other persons charged in connection with the events at the United States Capitol on January 6, 2021.

4/18/23

criminal cases.

13.    **Defense Counsel's Obligations.**  Defense counsel must provide a copy of this Order to, and review the terms of this Order with, members of the legal defense team, Defendant, and any other person, before providing them access to Sensitive or Highly Sensitive materials. Defense counsel must obtain a fully executed copy of Attachment A before providing Defendant access to Sensitive or Highly Sensitive materials, and must file a copy with the Court within one week of execution.

14.    **No Ruling on Discoverability or Admissibility**.  This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability or admissibility of any material.

15.    **Duration.**  The terms of this Order shall remain in effect after the conclusion of this case and the parties shall be bound by it unless otherwise ordered by the Court.

    **SO ORDERED** this _____ day of _____, 2021.


                                    _____
                                    HONORABLE REGGIE B. WALTON
                                    United States District Judge

## ATTACHMENT A

### Defendant's Acceptance

I have read this Protective Order and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this Protective Order and all matters relating to it. I fully understand this Protective Order and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Protective Order fully.

_12/3/21_
Date

_____
DANIEL MICHAEL MORRISSEY
Defendant

1

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                   FOR THE DISTRICT OF COLUMBIA

 3   UNITED STATES OF AMERICA      .
                        Plaintiff,  .
 4   vs.                           .  Docket No. CR 21-660-RBW-1
                                   .
 5   DANIEL M. MORRISSEY           .  Washington, D.C.
                                   .  Thursday, July 14, 2022
 6                     Defendant.  .
     . . . . . . . . . . . . . . . .x  10:03 a.m.
 7

 8          TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE

 9      BEFORE THE HONORABLE SENIOR JUDGE REGGIE B. WALTON

10                 UNITED STATES DISTRICT JUDGE

11   APPEARANCES:

12   For the Government:   Christopher T. Tortorice, AUSA
                           U.S. ATTORNEY'S OFFICE
13                         FOR THE DISTRICT OF COLUMBIA
                           555 4th Street, NW
14                         Suite 11-229
                           Washington, DC 20530
15                         (202) 252-7155
                           Email: christopher.tortorice@usdoj.gov
16

17   For the Defendant:    Anthony M. Solis, Esquire
                           ANTHONY M. SOLIS, A PROF. LAW CORP.
18                         23679 Calabasas Road
                           Suite 412
19                         (213) 489-5880
                           Email: anthonysolislaw@gmail.com
20

21

     Court Reporter:   Cathryn J. Jones, RPR
22                     Official Court Reporter
                       Room 6521, U.S. District Court
23                     333 Constitution Avenue, N.W.
                       Washington, D.C. 20001
24
     Proceedings recorded by machine shorthand, transcript
25   produced by computer-aided transcription.
```

**P R O C E E D I N G S**

1

2        THE DEPUTY CLERK:  We'll start with government

3  counsel this morning.

4        MR. TORTORICE:  Good morning, Your Honor, Chris

5  Tortorice for the government.

6        THE COURT:  Good morning.

7        MR. SOLIS:  Good morning, Your Honor, Anthony

8  Solis for the defendant.

9        THE COURT:  Good morning.  Is the defendant on the

10  call?

11        THE DEFENDANT:  Yes, I am, Your Honor.

12        THE COURT:  Mr. Morrissey, you do have a right to

13  have this hearing conducted in person.  However, because of

14  the virus and the pandemic that we've experienced we can

15  conduct this matter remotely.  What is your choice, do you

16  want to proceed in person or you can proceed as we're doing

17  now remotely.

18        THE DEFENDANT:  We can proceed remotely, Your

19  Honor.

20        THE COURT:  Let me just ask, Mr. Morrissey, are

21  you alleging that you did not receive effective assistance

22  of counsel from your lawyer?

23        THE DEFENDANT:  Yes, I am.  And I believe that all

24  the documentation that I submitted to your chamber along

25  with the complaint that I have to the State Bar, you know,

1    proves my allegation.

2         THE COURT:  Have you sought other counsel?

3         THE DEFENDANT:  I have not at this time, no.

4         THE COURT:  What is your intention in that regard?

5         THE DEFENDANT:  I'm not sure yet.  I'm trying to

6    navigate this as best I can.  I just lost my father last

7    week, and I have a lot of personal things going on.

8         THE COURT:  So are you saying you don't want your

9    current lawyer to continue to present you?

10         THE DEFENDANT:  I don't know what the options are,

11    Your Honor.  I'm sorry.

12         THE COURT:  Let me just ask government counsel in

13    reference to this videotape that he claims exist that shows

14    that he was purportedly permitted to enter the Capitol by a

15    police officer does the government know of any such tape

16    recording?                                    FALSE STATEMENT

17         MR. TORTORICE:  No, Your Honor.  The, all of the

18    videos that I've seen of the defendant in the Capitol I

19    didn't see anyone permitting him to enter or you know walk

20    around.  You know, I haven't seen -- I talked to Mr. Solis

21    yesterday evening.  This is the first that I heard of this

22    complaint, so you know, I haven't really had time to

23    investigate what the defendant is saying.  I mean, if

24    there's another video that I'm unaware of, you know, I would

25    like to see it, you know.  The defense we gave them a number

CONFIRMED
BY
SOLIS
EMAIL
10/15/22

4

1    of videos and access to the Evidence.com database, but if

2    there's something else out there obviously we'd like to see

3    it and address it.

4            THE COURT:  So I assume based upon what you're

5    saying you don't and did not have in your possession any

6    recordings that would support what the defendant is saying

7    occurred?

8            MR. TORTORICE:  I haven't seen such a video, Your

9    Honor.  If it's out there like I said I would like to see it

10   and look in to it.  Although I will say that the charge the

11   defendant pled to is almost irrespective of that.  It was

12   the remaining in the Capitol.  He should have known he was

13   not allowed to remain in the Capitol.  So even so, even if

14   that exist the, it really doesn't affect what he pled to.

15           THE COURT:  Well, Mr. Morrissey, the government

16   does have an obligation if it is aware of exculpatory

17   information to provide that information to a defendant and

18   his lawyer, but the government's lawyer says that he doesn't

19   know about any recording of that nature, never had such a

20   recording available to him.  And if that's true and I have

21   no reason to suggest or believe that a member of the United

22   States Attorney's office and a lawyer, a member of the

23   court, you know, withheld anything from you.  And if he

24   didn't hold anything from you that he knew about then

25   there's no *Brady* violation.

BUT HE DID
AND I CAN PROVE IT

5

1          THE DEFENDANT:  Your Honor, I completely agree

2     with you.  I'm not saying the district attorney did anything

3     willfully.  However, what I'm actively speaking is my entry

4     in to the Capitol which is through the rotunda doors at 2:27

5     p.m. on the East side of the Capitol.  I knew that video had

6     to exist of my point eventually because the doors were

7     opened from the inside.

8          I pled with my attorney to request that video

9     because I knew it was a very specific time in which I

10     entered at 2:27 through Rotunda doors.  The doors were

11     opened from the inside.  And I asked my lawyer again and

12     again and again to receive that video from the prosecution.

13     At no point did he ever even make an attempt to request that

14     information or that video evidence.

15          However, I was able to find that video evidence in

16     the public domain from inside the Capitol that was not a

17     handheld device or from a third party.  It looks to be

18     footage from actual, the closed captioning TV on the Capitol

19     grounds which shows exactly what I'm talking about my entry

20     into the Capitol at 2:27 p.m. on January 6th of 2021.

21          THE COURT:  Again, you may not want to respond to

22     this, but as I recall the evidence that the government has

23     against you at the time of the entry it wasn't like this was

24     a peaceful situation and that the doors were peacefully

25     opened and you were given the impression that you could

*THE DOORS WERE / HAD NO CHOICE BUT TO ENTER*

*DEFENSE OF NECESSITY*

1    enter.  As I understand the alarms were going off.  There

2    was fighting taking place.  There was teargas being sprayed

3    and other types of matters of that nature being sprayed.

4         And so even if what you're saying is true that the

5    doors were somehow open and therefore you entered, that you

6    entered without forcefully going through the door.  Number

7    one, the government is not, didn't charge -- well, at least

8    you didn't plead guilty to that.  As the government said

9    what you pled guilty to is once you got inside of the

10   premises and you then engaged in behavior that the law

11   prohibit.

12        So I mean I don't know how even if what you're

13   saying is true how that would exonerate you from what you

14   pled guilty to.  And I assume you're requesting that you be

15   permitted to withdraw your guilty plea and go to trial.  Is

16   that your request?

17        THE DEFENDANT:  I didn't know what my options

18   were, your Honor.  Like I said I thought this would be

19   something that would have been addressed with my defense

20   attorney, and that my entry into the Capitol was, was

21   material and favorable to resolve [indiscernible], that

22   would be able to, the genesis of all the subsequent charges.

23   I was let into the Capitol.  One of the charges I'm able to

24   find --

25        THE COURT:  You're saying that the Capitol police

1  let you in to the Capitol despite all that was going on at

2  that time?

3          THE DEFENDANT:  I'm saying, Your Honor, that there

4  is video out there that supports what I'm saying, and I

5  would be happy to provide your chamber with that video

6  evidence so that way you can review it.

7          THE COURT:  But again, even if what you're saying

8  is true regardless of all of the violence and everything

9  that was taking place that you nonetheless felt that somehow

10 you had the authorization to enter the Capitol, again that's

11 not what you pled guilty to.  What you pled guilty to was

12 once you got inside you then stayed inside and engaged in

13 behavior that's not permitted, which was parading,

14 demonstrating and picketing.

15         And if you did those things once you got inside

16 even if what you're saying about your entry that would not

17 exonerate you from culpability in this case.  So again, I

18 don't know.  Are you saying that what you say you discovered

19 should be a basis for you to withdraw your guilty plea and

20 go to trial?

21         THE DEFENDANT:  I'm sorry, Your Honor, I'm

22 thinking.  I don't know, I don't know about that.  Like I

23 said I have tried to seek out legal counsel and get some

24 other legal advice, but thus far I haven't received any.  I

25 don't know really what to do right now, Your Honor.

1          MR. TORTORICE:  Your Honor, I think it's worth

2    noting for the record that the plea agreement does call for

3    dismissal of the count that involves him entering the

4    Capitol, so to the extent he has a complaint about that

5    particular charge it's going to be dismissed pursuant to the

6    plea agreement if he persist with the plea.

7          THE COURT:  Right.  I mean the charge like the

8    government says even though you know personally based upon

9    having had a lot of these cases and having become familiar

10   with the facts regarding the circumstances that resulted in

11   people entering the Capitol, which it seems to me you know

12   all of the violence and the alarms that were going off and

13   the pepper spray and the other types of aerosols that were

14   being utilized and that everything that was taking place,

15   you know, I find it hard to believe that somebody would have

16   felt, even if the doors were open that somehow they were

17   given permission to enter.

18          But even if your position on that is true as the

19   government says they are dismissing that charge.  So the

20   charge that you pled guilty to, and I'm sure I made some

21   inquiries of you.  I haven't looked at the transcript of the

22   guilty plea hearing.  It is my policy to always query

23   someone who is pleading guilty as to whether they are

24   acknowledging what the government says they did, which is

25   the basis for the charge that they pled guilty to.  And as

1    the government said what you pled guilty to is what happened

2    once you got inside not what happened in reference to your

3    going inside.

4         So I mean based upon what I've heard thus far I

5    just don't see any basis I would have under the legal

6    standard I have to apply to permit you to withdraw your

7    guilty plea because you're not saying anything that would

8    indicate that you actually were not guilty of the crime that

9    you pled guilty to.

10        THE DEFENDANT:  Can I send you a copy of the link

11   of the video, Your Honor?

12        THE COURT:  Again, maybe you're missing my point.

13   Even if what you say is true that that video showed that

14   the -- even if what -- let's take it to the extreme.  The

15   police waved you in, open the doors and said come on in and

16   you went in.  What they're charging you with is what

17   happened once you got inside.  So even if what you're saying

18   is true that somehow you felt that the police were letting

19   you enter the Capitol despite all that was going on, even if

20   you say what is true, what they said is what happened once

21   you got in.

22        So even if they let you in, if they welcomed you

23   in, said come on in, once you got in that's what they have

24   charged you with having violated the law.  Do you understand

25   what I'm saying?

1          THE DEFENDANT:  Yes, I do, Your Honor.

2          THE COURT:  So with -- I mean you can move to

3    withdraw your guilty plea if you so choose, but at least

4    based upon what I've heard I don't see you saying that you

5    are not guilty of what you pled guilty to, again what

6    happened once you were actually inside of the Capitol

7    building.  And are you saying that even though you admitted

8    during the plea hearing that these things occurred as the

9    government alleged, are you saying that you're not guilty of

10   what they said you did and what you pled guilty to once you

11   got into the building?

12         THE DEFENDANT:  No, I acknowledged that, Your

13   Honor.  I acknowledged that in my plea hearing and I

14   acknowledged that throughout this entire process.  I just --

15         THE COURT:  So again what relief are you

16   requesting that I give you?

17         THE DEFENDANT:  I was very concerned with the fact

18   that I was let in, and let's take the circumstances aside

19   you know, and say I walked through an open door, right.

20   Let's take a, extreme circumstances, because it is what it

21   is, right.  Had that door never been opened, I didn't

22   forcefully enter the Capitol.  I was never violent.  I never

23   committed any vandalism, and I didn't do any of those

24   things.

25         So I, I guess at the time I mean looking back in

1    hindsight obviously 20/20, at the time I think a reasonable

2    person if the door is opened from the inside I didn't really

3    have a choice.  I wasn't on the back scaffolding on the West

4    side fighting my way in or doing anything like that.  I

5    literally walked through an open door, Your Honor.

6          And that's all I'm saying, is that if that's the

7    genesis of all the subsequent charges wouldn't that be,

8    wouldn't that be enough to prove that I didn't do -- I

9    didn't, you know -- that's the whole thing is like I was

10   allowed into the building.  Whether you take me at my word

11   or not I have the video to corroborate what I'm saying.  All

12   I'm saying the door was opened for me and I walked through,

13   that's all I'm saying.

14          THE COURT:  Again, you're missing my point.

15   There's nothing going on over at the Capitol right now,

16   okay.  If I walk over to the Capitol right now it is a

17   public building.  I mean there are certain areas I can't go

18   to, but there are certain areas I can go to.  Although

19   generally in order to get into the Capitol, I mean you've

20   got to go through a metal detector and all that stuff.

21          But assuming that didn't even exist and I can walk

22   over to the Capitol now.  It's open and I walked in.  I

23   haven't committed a crime, but if once I get inside I then

24   violate the law then I've violated the law.  And the fact

25   that was able to go in with permission or because there were

1    no restraints that stopped me that's of no relevance in

2    reference to what I'm alleged to have done once I got

3    inside.

4         Now obviously in reference to what sentence you

5    receive the fact that you didn't, if that's the case, use

6    any violence to enter, and the fact that you felt that you

7    had a reason to go in and it was not a violation of the law,

8    those are things obviously I would take into account in

9    mitigation of what the sentence should be.  But the reality

10    is that that doesn't negate your guilt for what they said

11    and what you pled guilty to you did once you entered.

12         THE DEFENDANT:  Okay.

13         THE COURT:  So we have this matter down for

14    sentencing.                *DEFENSE ATTORNEY NEVER*

15    MR. SOLIS:  The Court vacated the current

16    sentencing date.      *SAID A WORD)*

17         THE COURT:  I know I did.  I know, but I was going

18    to set another date.  I'll leave it up to Mr. Morrissey as

19    to whether he wants to retain other counsel to represent him

20    or whether he wants to go forward with you representing him

21    even though he's making these claims against you or whether

22    he wants to represent himself.  It's his choice.

23         You know, these matters are getting old.  We need

24    to resolve them, so I'm going to go ahead and set another

25    sentencing date.  And if he gets new counsel obviously that

1  new counsel can file something on his behalf, or if he wants

2  to file something representing himself he can obviously do

3  that.

4         But Mr. Morrissey, as I understand you're not

5  requesting that your current lawyer withdraw as your lawyer,

6  is that right?

7         THE DEFENDANT:  Not at this time, Your Honor.

8         THE COURT:  Counsel, can you, you believe you can

9  continue despite what's been said about you by the defendant

10 that you can appropriately represent him?

11        MR. SOLIS:  Of course, Your Honor.  The only issue

12 would be if there's a pending Bar complaint that might

13 create an issue.  Absent that issue, of course, I have no

14 problem proceeding to sentencing.  Any legal dispute or any

15 disagreement we have over the law is neither here nor there.

16 It doesn't affect my ability to represent him at sentencing.

17        THE COURT:  I'm not sure.  I mean, I guess it is a

18 problem if there's an outstanding Bar complaint against you

19 as to what extent that could at least perceive as having

20 compromised your diligence in representing your client.

21        MR. SOLIS:  Your Honor, this is the first time

22 I've heard of any Bar complaint, so, and it would seem as if

23 the Bar complaint is based on the issues that were discussed

24 here today which the Court seems to have addressed.  But I

25 guess it's up to Mr. Morrissey if he wants to proceed with

1  me at sentencing or he wants to get separate counsel that

2  doesn't have the issues that he might have raised in a court

3  complaint.

4        THE COURT:  Mr. Morrissey, it really I guess is

5  your choice.  I mean, I have some concern if, in fact, you

6  have filed a Bar complaint with the California Bar.  If you

7  have filed a complaint against your lawyer I have some

8  concerns about him representing you at sentencing.  Because

9  I can see depending on what the sentence is you claiming

10  that he did not properly represent you because this Bar

11  complaint had been filed by you against him, so I don't know

12  how you want to proceed in that regard.

13        But it seems to me if you're going to continue to

14  pursue your Bar complaint, which you have a right to do, I

15  think that does create a problem with him representing you

16  at your sentencing.

17        THE DEFENDANT:  Okay.  What do I need to prepare

18  for sentencing?  If I do retain other counsel what do I need

19  to prepare for?

20        THE COURT:  That lawyer would have to get all of

21  the information from the government.  Actually he would get

22  it from your current lawyer.  Your current lawyer would have

23  an obligation if you get other counsel to turn over all the

24  information that he has, which I assume is all the

25  information that new counsel would need to be in a position

1    to represent you at your sentencing.

2              THE DEFENDANT:  Okay.

3              THE COURT:  So I'll continue the matter for enough

4    time if you're going to get other counsel to do so, but if

5    you don't then we're going to proceed with your current

6    counsel unless I'm somehow convinced that the fact that you

7    filed this Bar complaint against him makes him unavailable

8    to represent you because of a conflict between you and he

9    regarding your legal representation.

10             MR. SOLIS:  Again, I would just say for my

11   purposes if there was a Bar complaint, but it was filed

12   under some misunderstanding that the Court seems to have

13   resolved at least from the defendant's prospective today and

14   it were withdrawn I wouldn't have any problem or conflict

15   representing Mr. Morrissey.  The only issue would be -- I

16   don't believe he can persist in a Bar complaint and at the

17   same time have me represent him at sentencing.

18             If that issue were resolved, I don't have any

19   issue.  I think this was a disagreement about the legal

20   remedies he might have had even with regard to the *Brady*

21   issue that he perceived that I did not necessarily agree

22   with.  The Court doesn't seem to have agreed with it either.

23   Nor did the Court seem to agree that he had a basis to

24   withdraw his plea.  And I didn't, also didn't see a basis

25   which, why either motion was filed.

1          So if, you know, like I said if those issues seem

2     to be resolved, I don't have any conflict or issue

3     representing Mr. Morrissey at sentencing vigorously as is my

4     obligation.  The only issue would be if he persist in a Bar

5     complaint I think that would create a direct conflict.

6          THE COURT:  I would tend to agree with that.  It

7     just doesn't feel good to have a lawyer representing someone

8     who has a Bar complaint filed against him by that person.

9     That's just doesn't sit well with me.  And I would think

10    under those circumstances that other counsel would have to

11    represent him if he is going to continue you know to pursue

12    that Bar complaint, but that's obviously his choice as to

13    whether he wants to do that.

14          I mean, I assume Mr. Solis you agree with the

15    proposition that I indicated that if in fact a tape as he

16    indicates he exist, although it wouldn't exonerate him it

17    would be something that would be relevant to submit to the

18    court in support of mitigation of what the sentence should

19    be.

20          MR. SOLIS:  Your Honor, I agree with that and

21    without you know getting into any attorney/client

22    communications my analysis is the same as the Court's and

23    this decision had already been made not to file something

24    because I didn't want necessarily Mr. Morrissey to err all

25    of these things before the same court that's going to be

*DECLINES TO SUBMIT VIDEO BECAUSE SOLIS IS OFF THE HOOK.*

1  issuing the sentence, but nevertheless I've already

2  considered and declined to file any such motion so I think

3  that issue for me has been resolved.

4          THE COURT:  Okay.  Well, what I'll do is I will

5  continue the case so that he has time to assess how he wants

6  to proceed and if he wants to employ other counsel he'll

7  have enough time in order to do that.  And if that is how he

8  wants to proceed then we'd have to set this in mid-August

9  because I'll be tied up until then and then I'm on leave one

10  of those weeks in early August.  And at that time because

11  the authorization under the CARES Act for judges to conduct

12  matters remotely would have expired unless that day is

13  extended by the court at our next judges's meeting, I don't

14  know if that's going to be extended or not.  If it's not

15  extended under the current federal rules this proceeding

16  would have to be conducted in person.

17          So I'll set matter for the third week of August

18  when I get back from leave.  And that proceeding will have

19  to be conducted in the courtroom unless there's

20  authorization to continue to conduct matters remotely in

21  light of the COVID-19 virus.

22          MR. SOLIS:  Sure, Your Honor.  I will endeavor to

23  resolve whether or not Mr. Morrissey is going to proceed

24  with present counsel or retain new counsel, and I'll file

25  something just to notify the Court what's going to happen.

1    And then we'll know, you'll have a better ability to know

2    whether the date that you set is going to go forward on that

3    date or not.

4              THE COURT:  What about the 18th of August at two

5    o'clock?

6              MR. SOLIS:  I can do it earlier in the week, but

7    I'm traveling on the 18th and 19th, so I can do the 15th

8    through the 17th.

9              THE COURT:  You said you can do the 17th also?

10             MR. SOLIS:  Yes.  Might have to be in the

11   afternoon.

12             THE COURT:  I already have a motions hearing set

13   at two o'clock.

14             MR. SOLIS:  I could also do the 16th, it would

15   just have to be in the afternoon.

16             THE COURT:  Okay.  I can do the 16th at 2:30.

17             MR. SOLIS:  Can you do 3:30?

18             THE COURT:  Yes.

19             MR. SOLIS:  That would be ideal.

20             THE COURT:  Is that good for government counsel?

21             MR. TORTORICE:  Yes, Your Honor, that works for

22   the government.

23             THE COURT:  Okay.  Anything else from government

24   counsel?

25             MR. TORTORICE:  Nothing further from the

1    government, Your Honor.

2          THE COURT:  Anything else from defense counsel?

3          MR. SOLIS:  No, Your Honor.

4          THE COURT:  Mr. Morrissey, anything else?

5          THE DEFENDANT:  No, Your Honor.

6          THE COURT:  Thank you.

7          MR. SOLIS:  Thank you, Your Honor.

8          MR. TORTORICE:  Thank you, Your Honor.

9          THE DEFENDANT:  Thank you, Your Honor.

10         [Thereupon, the proceedings adjourned at 10:27

11         a.m.]

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                          **CERTIFICATE**

2          **I, Cathryn J. Jones, an Official Court Reporter,**

3    for the United States District Court of the District of

4    Columbia, do hereby certify that the foregoing 19 pages is a

5    true and correct transcript of the remotely reported

6    proceedings in the above-entitled matter.

7          Please note:  This hearing occurred during the

8    COVID-19 pandemic and is therefore subject to the

9    technological limitations of court reporting remotely.

10          In witness whereof, I have hereto subscribed my

11    name, this the 7th day of September, 2022.



13

14                    /s/_Cathryn J. Jones
                      Cathryn J. Jones, RPR
15                    Official Court Reporter

16

17

18

19

20

21

22

23

24

25

Honorable Reggie B. Walton
U.S. Federal Court
333 Constitution Ave, N.W.
Washington D.C. 20001


Reference: Case No.: 1:21-cr-660-RBW (2255 Motion)


2255 Motion Cover Page
Constitutional Violations by
FBI, DOJ, Troolines, Tortorice, Solis
Daniel Michael Morrissey, MBA

Daniel Michael Morrissey, MBA

████████████████████

11/8/24

Honorable Reggie B. Walton
U.S. Federal Court
333 Constitution Ave, N.W.
Washington D.C. 20001

Reference: Case No.: 1:21-cr-660-RBW (2255 Motion Attachment)

Your Honor:

As you may remember from my previous correspondence, my handwriting is not the greatest, and the PDF editor that I have doesn't work in conjunction with the 2255 Template PDF I received from Mr. Axam, that said, I have outlined my responses to the questions below.

**Ground One:**

My Constitutional Right to Due Process was violated by the FBI, DOJ, Christopher Tortorice, and Anthony Solis.

There are two Brady Videos that depict my entry into the Capitol on January 6th, 2021, that were noticeably absent from discovery. These videos were withheld from me, violating my right to Due Process as codified into law under the 5th, 14th Amendments, the Due Process Protection Act (October, 2020), Supreme Court ruled in Brady V. Maryland, 1963, and which was clearly stated in the "Protection Order" I signed for discovery in December, 2021.

The two Brady Videos I obtained were found in the public domain, and clearly show that the crowd's entry into the building, was induced on behalf of actors already within the Capitol, and that the Capitol Police unlocked the magnetically sealed Columbus Door(s) to induce the public's admission into the Capitol, and that I entered the Capitol out of necessity, which as you know, Judge Walton, is an affirmative defense, and negates criminal and civil liability.

These Brady Videos were intentionally, wantonly, withheld from me by the DOJ, Christopher Tortorice, and my former, private "defense" attorney.

Solis and Tortorice conspired against me to withhold the Brady Videos, because the videos did not fit the narrative around the events of January 6th, 2021.

In an email dated October 15th, 2022, Solis confesses that he, and Tortorice discussed the videos before the status hearing on July 14th, 2022, during the status hearing neither admitted to the very

existence of the videos. In short, Judge Walton, they lied to you in your courtroom (although this hearing was via Zoom due to the Cares Act). I've included the email.

Per Becky Neal at the D.C. Disciplinary Counsel, she affirms my defense that based on the Brady Videos, wantonly withheld from me, I entered the Capitol out of necessity.

My life has been destroyed because of this political, wanton prosecution.

Had this exculpatory evidence been afforded to me, as prescribed by my right to due process, I would have been able to present the evidence to the court, and not have to endure the wrath of the Federal Government.

Judge Walton, I have provided the two Brady Videos that I was able to find in the public domain, along with the screenshots.

**Ground Two:**

I retained the "services" of Anthony Solis of Calabasas, California to "represent" me during the criminal proceeding and not only did Solis not assist me during the legal proceeding, Solis actively worked against me, by withholding information, refusing to follow simple instructions to provide me with the video evidence I needed to mount a defense.

It was not until April 14th, 2022, when I caught Solis withholding key legal principles from me, like Brady v. Maryland.

On February 13th, 2022, I provided Solis with the first Brady Video, and he told me it didn't matter. It didn't matter until I discovered Brady v. Maryland on April 14th, 2022, and confronted him with my, newfound knowledge of Brady v. Maryland and its implications on my case.

From that point forward, Solis did everything he could to attempt to confound, beguile, and outright lie to me about my rights, and the implications of that evidence.

Solis confessed to his conspiring with Tortorice in an email dated 10/15/22. Solis and Tortorice worked together to deny me my Constitutional right to Due Process. So important, it's the only fundamental right mentioned twice, 5th and 14th Amendment.

See confession email.

**Ground Three:**

Due to this wanton, political prosecution, a prosecution that I was denied my most fundamental rights to mount a defense. In addition to this harsh reality, I have been bankrupted (evicted, lost all of my worldly possessions and further legal issues due to the economic punishment), unable to find work due to the Federal Government's character assassination smear campaign referring to January 6th defendants as "Nazis, white supremacist, domestic terrorists, etc.", the Federal Government has made me an indigent.

The Federal Government has destroyed my life in order to smear President Trump and his supporters. In one of my letters to you, Judge Walton, I referenced Wisconsin v Constantineau, 1971, where I cited the states violation of procedural due process and the assassination of character, and that was only over the "right to drink", what the Federal Government has done to me is FAR WORSE, the Federal Government has denied me a right to earn a living. These smears have real consequences in the marketplace.

I have lost all of my worldly possessions, cannot find work, have further legal issues due to the financial hardship I've endured, and have contemplated suicide on several occasions, due to the seemingly-unending onslaught from the Federal Government, its agents, Anthony Solis, the media.

Due to those smears, I have lost standing in my community and have essentially black listed from society.

However, had I been afforded my Constitutional right to Due Process, and receive the Brady Videos in discovery, or thereafter, I could have circumvented these tragic circumstances.

My life has been destroyed.

Your Honor, in closing I am asking that you vacate the judgement against me made in the matter of 1:21-cr-660-RBW. My Constitutional rights were not even a consideration during my legal proceeding. I have been consistent throughout my correspondence with you.

I thank you for allowing me the opportunity to contact your chamber directly to redress my grievances.

Best regards,

-Dan Morrissey

Honorable Reggie B. Walton
U.S. Federal Court
333 Constitution Ave, N.W.
Washington D.C. 20001


Reference: Case No.: 1:21-cr-660-RBW (2255 Motion)


Procedural Due Process Violations Documentation
February & March of 2021
Daniel Michael Morrissey, MBA

Daniel Michael Morrissey, MBA

██████████████████

11/18/2024

Honorable Reggie B. Walton
U.S. Federal Court
333 Constitution Ave, N.W.
Washington D.C. 20001

Reference: Case No.: 1:21-cr-660-RBW (2255 Motion)

Your Honor:

As I stated in my previous submission, because the Federal Government has made me an indigent due to political, wanton prosecution of me in case number 1:21-cr-660-RBW, I cannot afford to send anymore documents for my 2255 Motion via mail, as I've spent well over $600 in shipping related costs over the past three plus years.

That said, I have attached the first of many documents that need to be attached to my 2255 Motion, under the criminal case, and not the civil case. I noticed there are two cases on PACER.

I will be submitting documents in a chronological order, demonstrating the grounds I cited in my 2255 Motion that the FBI, DOJ, Laura Troolines (FBI Agent), Christopher Tortorice (prosecutor), and my former, private "defense" attorney, Anthony Solis denied me my Constitutional rights to Due Process , Procedural Due Process, Equal Protection, Ineffective Assistance of Counsel (Solis actively worked against me during his "representation" of me), and Cruel and Unusual Punishment-my life has been destroyed.

The following documentation represents the Procedural Due Process violations by those actors at the FBI (Troolines), DOJ (Tortorice), and whatever Governmental Agents, which have yet to be named. Once I was identified as a January 6th person of interest, my right to fly was taken away, as was my Pandemic Unemployment Insurance, which is a violation of my Due Process, not to mention ruled on in Goldberg v. Kelly, 1970. My Pandemic Unemployment Insurance was the only source of income that I had and due to the Federal Government interceding, I incurred the beginning of my financial hardship. I had a claim balance of $5,367.00.

Please have your clerks file the first batch of the documentation under the criminal case, 1:21-cr-660-RBW.

Sincerely,

Daniel Michael Morrissey, MBA

██████████████████



PROCEDURAL DUE PROCESS VIOLATION!

GOLDBERG V. KELLY, 1970

LEST
MARCH FBI/DOJ CUT MY UP CLAIM
2021

NO DUE PROCESS!

MY ONLY SOURCE OF

INCOME!



| Additional Views (Opens in new window) | Benefit Year Begins | Benefit Week Ending Date | Confirmation Number | Method | Status | Current Authorized Amount | Reported Earnings | Transaction Details |
|---|---|---|---|---|---|---|---|---|
| Certification | 08/30/2020 | 03/13/2021 | 20210314W0091405 | UI Online | Disqualification | $0.00 | $0.00 | |
| Certification | 08/30/2020 | 03/06/2021 | 20210314W0091405 | UI Online | Disqualification | $0.00 | $0.00 | |
| Certification | 08/30/2020 | 02/27/2021 | 20210228W0184856 | UI Online | Disqualification | $467.00 | $0.00 | |
| Certification | 08/30/2020 | 02/20/2021 | 20210228W0184856 | UI Online | Disqualification | $467.00 | $0.00 | |
| Certification | 08/30/2020 | 02/13/2021 | 20210214W0265626 | UI Online | Disqualification | $467.00 | $0.00 | |
| Certification | 08/30/2020 | 02/06/2021 | 20210214W0265626 | UI Online | Disqualification | $467.00 | $0.00 | |
| Certification | 08/30/2020 | 01/30/2021 | 20210131W0120592 | UI Online | Disqualification | $467.00 | $0.00 | |



| Additional Views (Opens in new window) | Benefit Year Begins | Benefit Week Ending Date | Confirmation Number | Method | Status | Current Authorized Amount | Reported Earnings | Transaction Details |
|---|---|---|---|---|---|---|---|---|
| Certification | 08/30/2020 | 01/02/2021 | 20210120W0197874 | UI Online | Disqualification | $467.00 | $0.00 | |
| Certification | 08/30/2020 | 12/26/2020 | 20201227W0363921 | UI Online | Disqualification | $167.00 | $0.00 | |
| Certification | 08/30/2020 | 12/19/2020 | 20201220W0152052 | UI Online | Disqualification | $167.00 | $0.00 | |
| Certification | 08/30/2020 | 12/12/2020 | 20201220W0152052 | UI Online | Disqualification | $167.00 | $0.00 | |
| Certification | 08/30/2020 | 12/05/2020 | 20201206W0096388 | UI Online | Disqualification | $167.00 | $0.00 | |
| Certification | 08/30/2020 | 11/28/2020 | 20201206W0096388 | UI Online | Disqualification | $167.00 | $0.00 | |
| Certification | 08/30/2020 | 11/21/2020 | 20201122W0176128 | UI Online | Disqualification | $167.00 | $0.00 | |
| Certification | 08/30/2020 | 11/14/2020 | 20201122W0176128 | UI Online | Disqualification | $167.00 | $0.00 | |
| Certification | 08/30/2020 | 11/07/2020 | 20201108W0025183 | UI Online | Disqualification | $167.00 | $0.00 | |



| Additional Views (Opens in new window) | Benefit Year Begins | Benefit Week Ending Date | Confirmation Number | Method | Status | Current Authorized Amount | Reported Earnings | Transaction Details |
|---|---|---|---|---|---|---|---|---|
| Certification | 08/30/2020 | 10/24/2020 | 20201025W0284928 | UI Online | Disqualification | $167.00 | $0.00 | |
| Certification | 08/30/2020 | 10/17/2020 | 20201025W0284928 | UI Online | Disqualification | $167.00 | $0.00 | |
| Certification | 08/30/2020 | 10/10/2020 | 20201011W0343434 | UI Online | Disqualification | $167.00 | $0.00 | |
| Certification | 08/30/2020 | 10/03/2020 | 20201011W0343434 | UI Online | Disqualification | $167.00 | $0.00 | |
| Certification | 08/30/2020 | 09/26/2020 | 20200927W0279278 | UI Online | Disqualification | $167.00 | $0.00 | |
| Certification | 08/30/2020 | 09/19/2020 | 20200927W0279278 | UI Online | Disqualification | $72.00 | $0.00 | |
| Certification | 08/30/2020 | 09/12/2020 | 20200922W0084310 | UI Online | Disqualification | $72.00 | $0.00 | |
| Certification | 08/30/2020 | 09/05/2020 | 20200922W0084310 | UI Online | Disqualification | $467.00 | $0.00 | |

## Messages for Week Ending Date(s) : 03/06/2021, 03/13/2021

Date: 03/16/2021

 Employment
Development
Department
State of California

Regarding Week(s): 03/06/2021
03/13/2021

The following messages pertain to your certification for the week ending date(s) mentioned above:

UNEMPLOYMENT COMPENSATION IS TAXABLE.  WHEN YOU CERTIFY FOR BENEFITS ONLINE, OVER THE PHONE OR BY MAIL, YOU MAY
ANSWER A QUESTION WHICH ALLOWS YOU TO REQUEST FEDERAL INCOME TAX WITHHOLDING AT 10% OF YOUR PAYABLE AMOUNT.  YOU
MAKE A NEW WITHHOLDING CHOICE ON EACH TIME YOU CERTIFY FOR BENEFITS.

Thank you,

Employment Development Department
State of California

## Re: Where is my Payment?

Date: 11/22/2021

**To:**

DANIEL  M  MORRISSEY

**Your Question:**

Hi,I am curious as to why the status for all weeks on my UI claim have been moved from paid to disqualified. My ID was verified on 2/20. Can you please let me know what's going on? Thanks

**EDD Response:**

According to the claim records, a notice was mailed to you on 03/08/2021 advising you of our decision. We are mailing a duplicate of that notice today 11/22/21.

# Fw: [EXTERNAL] Daniel Morrissey

From

To      Danmorrissey

Date    Tuesday, September 10th, 2024 at 1:58 PM

---

Sent from Proton Mail Android

-------- Original Message --------
On 12/2/23 7:34 AM, Morrissey wrote:

Sent from Proton Mail mobile

-------- Original Message --------
On Mar 31, 2022, 11:03 AM, Anthony Solis < anthonysolislaw@gmail.com> wrote:

thank you

Anthony M. Solis

On Mar 31, 2022, at 8:39 AM, Tortorice, Christopher (USADC) <Christopher.Tortorice@usdoj.gov> wrote:

*ONCE THIS HAD*

Anthony,

I think Mr. Morrissey should be good to go. If he has any issues going forward, he can file a complaint with DHS using the link below.

*A COPY OF MY PLEA DEAL, THEN I WAS ABLE TO FLY!*

Chris

------------------------

(o) 202-252-7155

(c) 202-288-9203

**From:** Heang Ly <hly@fbi.gov>
**Sent:** Thursday, March 31, 2022 9:19 AM
**To:** Tortorice, Christopher (USADC) <CTortorice@usa.doj.gov>
**Subject:** RE: [EXTERNAL] Daniel Morrissey

Hey Chris,

Here is the link I mentioned, https://www.dhs.gov/file-a-travel-complaint-dhs-trip.

Feel free to reach out if there are any follow up questions.

Thanks,

SA Heang P. Ly

Federal Bureau of Investigation

Washington Field Office/CR-3

(O) 202-278-2048

(C) 202-308-9202

**From:** Ly, Heang P. (WF) (FBI)
**Sent:** Tuesday, March 29, 2022 2:32 PM
**To:** Tortorice, Christopher (USADC) <Christopher.Tortorice@usdoj.gov>; Troolines, Laura (LA) (FBI)
<LTROOLINES@fbi.gov>
**Subject:** RE: [EXTERNAL] Daniel Morrissey

Roger that, thank you

**From:** Tortorice, Christopher (USADC) <Christopher.Tortorice@usdoj.gov>
**Sent:** Tuesday, March 29, 2022 2:18 PM
**To:** Ly, Heang P. (WF) (FBI) <hly@fbi.gov>; Troolines, Laura (LA) (FBI) <LTROOLINES@fbi.gov>
**Subject:** [EXTERNAL EMAIL] - RE: [EXTERNAL] Daniel Morrissey

Attached is Mr. Morrissey's plea paperwork.  Please let me know when he's removed so I can let his attorney know.

Thanks for looking into this matter.

*[handwritten: PROCEDURAL DUE PROCESS VIOLATION)!]*

Chris

------------------------

(o) 202-252-7155

(c) 202-288-9203

*[handwritten: I WAS PUT ON THE CLEAR SKIES PROGRAM]*

**From:** Heang Ly <hly@fbi.gov>
**Sent:** Tuesday, March 29, 2022 2:14 PM
**To:** Tortorice, Christopher (USADC) <CTortorice@usa.doj.gov>; Troolines, Laura (LA) (FBI) <LTROOLINES@fbi.gov>
**Subject:** RE: [EXTERNAL] Daniel Morrissey

Hey Chris,

Got an answer for you, can you give me a call when you get a chance?

Thanks

Heang

202-308-9202

**From:** Tortorice, Christopher (USADC) <Christopher.Tortorice@usdoj.gov>
**Sent:** Thursday, March 24, 2022 3:44 PM

**To:** Ly, Heang P. (WF) (FBI) <hly@fbi.gov>; Troolines, Laura (LA) (FBI) <LTROOLINES@fbi.gov>
**Subject:** [EXTERNAL EMAIL] - FW: [EXTERNAL] Daniel Morrissey

Do either of you know who we can contact to see if he is, indeed, on some kind of list?

Chris

------------------------

(o) 202-252-7155

(c) 202-288-9203

**From:** Anthony Solis <anthonysolislaw@gmail.com>
**Sent:** Thursday, March 24, 2022 3:38 PM
**To:** Tortorice, Christopher (USADC) <CTortorice@usa.doj.gov>
**Subject:** Re: [EXTERNAL] Daniel Morrissey

He's told every time he flies and only since Jan 6. TSA is the agency.
I'm not sure it's exactly "no fly" but its def some kind of watch list

On Thu, Mar 24, 2022 at 12:36 PM Tortorice, Christopher (USADC) <Christopher.Tortorice@usdoj.gov>
wrote:

> I'll check with the agents on that. I would surprise me if this would get him listed, but I'll look into it. Was
> he told he was on the no-fly list? If so, by whom?
>
> Chris
>
> ------------------------
>
> (o) 202-252-7155
>
> (c) 202-288-9203

**From:** Anthony Solis <anthonysolislaw@gmail.com>
**Sent:** Thursday, March 24, 2022 3:30 PM
**To:** Tortorice, Christopher (USADC) <CTortorice@usa.doj.gov>
**Subject:** [EXTERNAL] Daniel Morrissey

Chris:

My client has been put on some kind of no-fly or watch list with TSA, almost certainly due to the investigation in this case. Now that he's pled is there any way to de-list him? I realize this may not be your department, but if there is anything you can do to communicate to TSA that his case has changed since he was put on the list (he surrendered, pled) it would be greatly appreciated. Mr. Morriseey would like to attend his sentencing in May in person and wants no impediment to his travel. Thanks.

--

Anthony M. Solis
A Professional Law Corporation
23679 Calabasas Road, Suite 412
Calabasas, CA 91302-1502
213-489-5880 – Phone
213-489-5923 – Fax
213-220-5274 - Mobile
anthonysolislaw@gmail.com
www.anthonysolis.com

This message is a confidential communication. It may be an attorney-client communication and, as such, privileged and confidential. If you are not the intended recipient, please do not read, copy or use it and do not disclose it to others. Notify the sender of the error by replying to this message, then delete it from your system.

--

Anthony M. Solis
A Professional Law Corporation
23679 Calabasas Road, Suite 412
Calabasas, CA 91302-1502
213-489-5880 – Phone
213-489-5923 – Fax
213-220-5274 - Mobile
anthonysolislaw@gmail.com
www.anthonysolis.com

This message is a confidential communication. It may be an attorney-client communication and, as such, privileged and confidential. If you are not the intended recipient, please do not read, copy or use it and do not disclose it to others. Notify the sender of the error by replying to this message, then delete it from your system.

2/24/21

Regarding Flight Number: 757 - LAX to Den on 2/23/21

To Whom It May Concern: Southwest Airlines

I have been a loyal, happy Southwest customer for decades; I fly a lot, almost exclusively with Southwest. However, yesterday at LAX while boarding my flight to Denver, I have never been more humiliated in my life.

It all started when my Southwest app wouldn't let me access my boarding pass (keep in mind this has NEVER happened before). Then I had to see the Southwest agent at the front desk, after I was kicked out of the TSA line for my ID "***raising an alarm***". When I saw the Southwest agent at the front desk, she had to call someone and was on the phone with them for at least five minutes discussing my "boarding status". The Southwest agent printed me a boarding pass, I was then sent back to the TSA for the second time. Then I was subjected to a full TSA search: person, property, electronics, etc. Fair enough.

However, when I went to board my flight, and there were over 10 TSA agents waiting at the gate for me, I was then subjected to a full TSA search, AGAIN, in front of the ENTIRE FLIGHT - my boarding position was A33. During the course of this second blissful search, the TSA agent groped my genitals and ran his fingers along the inside the waistline of my jeans (I kid you not) in front of the other passengers waiting in line. Then, if that wasn't enough, it was "determined" that I had some type of "residue" on my hands so we had to wait for the bomb agent to come over. WHAT THE FUCK IS GOING ON?!?!

I was the ONLY ONE SEARCHED AND HUMILATED on the entire flight. THE ONLY ONE!!!

I want answers, and I want them now.

- Why was I selected not once, but twice for a full TSA search?
- Why was I the ONLY ONE searched at the gate?
- Why were there over 10 TSA agents?
- What does "SSSS" mean on a boarding pass?
- Why did my boarding pass/ID/app have that on there?

I'm sure I'll have more questions. I look forward to your prompt reply.

Sincerely,


- Dan Morrissey

3/24/21

Regarding: Case #20124706

To: Ashley Cole

Hi Ashley,

As I informed you on March 20th, I am disputing the charges for the flights I previously

mentioned. Travel funds are not acceptable. Canceling my flights have cost me more in rental

fees in additional to other travel expenses.

I contacted DHS to figure out what the hell is going on, and informed DHA about TSA's actions

on 2/23/21 at LAX, and 3/19/21 at DIA.

I would like a prompt reply informing me when my refund will be processed.

Regards,

-   Dan Morrissey

<u>3/29/21</u>

Regarding: Case #20124706, Case #20390471


As I've stated in my previous emails, I will not accept travel funds as a resolution to this matter. I have disputed the transactions with my bank, and would like someone from Southwest to acknowledge my correspondence, and confirm when the refund will be processed.

Due to these incidents, I have had to spend more money/more time, incurring more cost and delay in my schedule. I would Southwest to expedite the refund process, so I don't have to waste anymore of my time.

Best regards,


-    Dan Morrissey

3/30/21

To Whom It May Concern: Southwest Airlines

I have written Southwest several times about my experiences with the TSA, and how I had to cancel several flights with Southwest due to the unfair and discriminatory practices used against me by the TSA. I have contacted the DHS, and am expecting an answer from them soon.

At this point, all I want is my money back. I've been a loyal Southwest customer for years, and I fly a lot, or should I say, I used to fly a lot. I don't think it's too much to ask for to have my travel funds processed and refunded to the card on file.

I am tired of the silence coming from Southwest and am losing patience with the customer service department. Please refund my money.

Best regards,

-Dan Morrissey

U.S. Department of Homeland Security
Traveler Redress Inquiry Program (TRIP)
6595 Springfield Center Drive, TSA-901
Springfield, Virginia 20598-6901

 Homeland
Security

April 06, 2021

Mr. Daniel Michael Morrissey

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

United States

Redress Control Number: 2330428

Dear Mr. Daniel Morrissey:

Thank you for submitting your Traveler Inquiry Form and identity documentation to the Department of Homeland Security Traveler Redress Inquiry Program (DHS TRIP). DHS' mission is to lead the unified national effort to secure the country, including U.S. border and transportation security. We take requests for redress seriously, and we understand the inconveniences that additional inspections may cause. DHS strives to process travelers in the most efficient and professional manner possible without compromising our mission to safeguard the United States, its people and its visitors.

When DHS receives a redress inquiry, we conduct a thorough review of the matter. We consult and share information with other agencies, when appropriate, to relieve you from the burden of seeking redress on an agency-by-agency basis and to address the issue that you identified in your application. We have found that about 2% of the DHS TRIP complainants actually have some connection to the Terrorist Watchlist. Complaints most often arise either because the traveler's name and personal information is similar to the name and personal information of another person in systems which contain information from Federal, state, local and foreign sources or because the traveler has been delayed in travel for reasons unrelated to such data, such as by random screening.

DHS has researched and completed our review of your case. DHS TRIP can neither confirm nor deny any information about you which may be within federal watchlists or reveal any law enforcement sensitive information. However, we have made any corrections to records that our inquiries determined were necessary, including, as appropriate, notations that may assist in avoiding incidents of misidentification.

For your general information, here is how redress helps you when traveling:

1.    When traveling by air to or within the United States, DHS recommends that you provide your redress control number (located at the top of this letter) when making your reservations. Providing this information will help prevent misidentifications from occurring during security checks against government records and other information. In most online reservation systems, your redress control number may be entered at the same time you enter your full name and date of birth.
2.    When entering the United States from abroad, no additional action is required. Where appropriate, as a result of the redress process, DHS employs a procedure to correct the information used to process travelers at the ports of entry that reduces the chance of misidentifications occurring.

Despite these positive efforts, we cannot ensure your travel will be delay-free. The redress process does not affect other standard screening procedures in place at airports and borders. For example, an individual may be selected for additional screening in order to resolve a walk-through metal detector alarm, because of random selection, or other reasons. While this process may sometimes be stressful, we rely on the patience, cooperation, and understanding of travelers in such cases. The aim of these security measures is to safeguard the people of the United States and visitors to this Nation.

This letter constitutes our final agency decision. Pursuant to 49 USC 46110, you have 60 days to seek review of this decision in an appropriate United States Court of Appeals.

If you have any further questions, please contact DHS TRIP via e-mail at TRIP@dhs.gov.

Sincerely,

Deborah O. Moore
Director
DHS Traveler Redress Inquiry Program

Honorable Reggie B. Walton
U.S. Federal Court
333 Constitution Ave, N.W.
Washington D.C. 20001

Reference: Case No.: 1:21-cr-660-RBW (2255 Motion)

Cruel and Unusual Punishment 8th Amendment Violations
Daniel Michael Morrissey, MBA

12/20/24

Daniel Michael Morrissey, MBA

███████████████████

Honorable Reggie B. Walton
U.S. Federal Court
333 Constitution Ave, N.W.
Washington D.C. 20001

Reference: Case No.: 1:21-cr-660-RBW

MOTION TO VACATE, PURSUANT TO 28 U.S.C. § 2255

## I. INTRODUCTION

Comes now [Daniel Michael Morrissey], Movant, and pursuant to 28 U.S.C. § 2255 moves this Court to vacate judgement and sentence imposed upon Movant on the grounds that the sentence and conviction were obtained in violation of the Eighth Amendment to the United States Constitution. Specifically, Movant alleges cruel and unusual punishment arising from malicious prosecution, prosecutorial misconduct, denial of equal protection due to political affiliation, and the denial of exculpatory evidence necessary to mount a defense. As a result of these constitutional violations, **Movant has endured catastrophic personal, financial, and emotional harm!**

## II. STATEMENT OF FACTS

1. Movant was subjected to malicious prosecution by the Department of Justice (DOJ), motivated by political bias against Movant's affiliation and beliefs.
2. Prosecutorial misconduct occurred, including, but not limited to, the intentional withholding of exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963).
   - The prosecutor, Tortorice and private defense attorney, Solis conspired to withhold Brady Videos- see Solis confession email dated 10/15/22
3. Movant was denied equal protection under the law as guaranteed by the Fourteenth Amendment due to political affiliation.
4. **The DOJ's actions resulted in a complete destruction of Movant's life, including:**
   - The loss of life savings, financial stability and current indigent status;
   - The loss of standing and reputation in the community due to a politically motivated smear campaign;
   - Inability to secure employment and subsequent homelessness;
   - Eviction from Movant's home, the necessity to sell personal belongings, and the euthanasia of Movant's pet;
   - Emotional distress, including post-traumatic stress disorder (PTSD), caused by the malicious prosecution and its aftermath.

2

5. Movant's rights were further violated by ineffective assistance of counsel, as the private defense attorney (Solis) failed to secure or present exculpatory evidence, failed to challenge prosecutorial misconduct, and did not provide an adequate defense.
6. Movant's criminal conviction and subsequent sentence were the result of a fundamentally unfair process in violation of the Constitution.

## III. LEGAL ARGUMENTS

### A. Cruel and Unusual Punishment Under the Eighth Amendment

The Eighth Amendment **prohibits punishments that are grossly disproportionate** or that result from **egregious governmental misconduct**. Movant has been subjected to life-altering consequences stemming from a politically motivated prosecution, resulting in conditions tantamount to cruel and unusual punishment.

### B. Denial of Exculpatory Evidence (Brady v. Maryland)

The prosecution's failure to disclose exculpatory evidence is a direct violation of Brady v. Maryland. Had the exculpatory evidence been disclosed, Movant could have mounted a defense that would likely have resulted in acquittal, avoiding the catastrophic personal and financial losses described herein.

### C. Denial of Equal Protection

Movant's political affiliation was the driving force behind this malicious prosecution, resulting in disparate treatment in violation of the Equal Protection Clause of the Fourteenth Amendment. Such conduct has been condemned in cases like Wisconsin v. Constantineau, 400 U.S. 433 (1971), **which emphasized the constitutional protections against public stigma and unwarranted government actions that destroy an individual's reputation and livelihood.**

### D. Ineffective Assistance of Counsel (Strickland v. Washington)

Movant's private defense attorney's (Solis) failure to secure or present critical exculpatory evidence, failure to challenge prosecutorial misconduct, and overall deficient performance violated Movant's Sixth Amendment right to effective counsel. Under the Strickland v. Washington standard, these failures prejudiced Movant and undermined the fairness of the proceedings.

## IV. FACTUAL BACKGROUND

From the beginning of Solis' "representation" of me, in October, 2021, I asked him to obtain a copy of the video on me entering the Capitol that day, as I knew the Columbus Door(s) were opened from the inside, and once the doors were opened, I had no choice but to move forward, or be crushed by the crowd in a stampede.

When I received discovery in January, 2022, noticeably absent was my entrance into the Capitol on January 6th. However, in the Statement of Offense, my time and location of my entry into the building was clearly marked, which I found to be odd.

I hounded Solis to obtain the video. He never did. On 2/13/22 I provided a credible video of my entry into the Capitol from the CCTV point of view, Solis lied to me and said it didn't matter, and allowed for me to plead guilty.

On 4/14/22, I sent Solis an email titled "Exculpatory Evidence" , this is the point in time when I discover Brady v. Maryland, and its implications, this is when I knew I caught him withholding information and evidence from me. He reply to my text is very telling, "we should discuss".

No, he should have told me that I had a Constitutional Right to that video, and subsequent videos, that exonerate me.

Solis and Tortorice conspired against me to deprive me of my Constitutional Rights, because the facts of the case didn't fit the narrative of an insurrection. I was always guilty and it was only a matter of how guilty I was and what my punishment would be.

Solis and Tortorice displayed, and continue to embody defiance, impede justice and to defraud the court, along with the American public.

I can prove the following:

- **Deprivation of Rights Under Color of Law (18 U.S.C. § 242):**
- **Conspiracy Against Rights (18 U.S.C. § 241):**
- **Obstruction of Justice (18 U.S.C. § 1503):**
- **Conspiracy to Obstruct Justice (18 U.S.C. § 371):**
- **Misprision of Felony (18 U.S.C. § 4):**
- **Aiding and Abetting (18 U.S.C. § 2):**
- **Perjury or False Statements (18 U.S.C. § 1621, § 1001):**
- **Fraud Upon the Court:**
- **Misconduct in Office/Abuse of Power:**
- **Prosecutorial Misconduct:**
- **Brady Violation (Ethical Misconduct):**

## V. REQUEST FOR RELIEF

Based on the above, the Defendant respectfully requests the following:

1. **Vacate the Conviction:** Overturn the conviction and sentence.
2. **Other Relief Deemed Just and Proper:** Restore my status before this political, wanton, malicious prosecution, as well as impose compensatory and punitive damages sought by the defendant against Solis, Tortorice and other bad actors (agencies, and or, entities) that conspired against me to deprive me of my Constitutional Rights for political purposes.
   1. Expunge all charges and a public declaration of the innocence for Daniel Michael Morrissey.
   2. Public proclamation of the **systematic** misdeeds, injustices, fraud imposed by Solis, Tortorice, Troolines, the FBI and the DOJ and acknowledgment of the conspiracy to deprive the defendant his Constitutional Rights.

## VI. SUPPORTING EXHIBITS

[Attached is relevant documentation as exhibits, including the following:]

1. Copy of the email from Defense Counsel to the Prosecutor.
2. Evidence of the withheld exculpatory information
   1. Defendant already provided three Brady Videos to Judge Walton's chamber on flash drive, 11/12/24
3. Trial transcripts or other case records demonstrating the prejudice caused by the errors.

## VII. CONCLUSION

WHEREFORE, the Defendant prays that this Court grant the requested relief and provide an opportunity to rectify the **GREAT** miscarriage of justice caused by ineffective assistance of counsel and malicious/prosecutorial misconduct, which has caused the Movant intolerable suffering as the Movant has endured **catastrophic personal, financial, and emotional harm!**

**Respectfully submitted,**

Daniel Michael Morrissey, MBA

5

Daniel Michael Morrissey, MBA

10/17/2022

Honorable Reggie B. Walton
U.S. Federal Court
333 Constitution Ave, N.W.
Washington D.C. 20001

Reference: Case No.: 1:21-cr-00660-RBW

Your Honor:

I am writing to follow up on my previous request to grant the motion for me to proceed to appeal in forma pauperis. I have contacted the United States Court of Appeals, and have provided you the information, the court shared with me, as the status is currently, in abeyance.

I understand there might be some confusion as to my current financial status, as there's a significant disparity between my present financial situation, and my reported assets on my PSR in March, 2022. Allow me to explain.

All of my "assets" reported on my PSR were tied up in Bitcoin, at the time the total valued amount was $214,000 for 5.36 BTC, roughly $40,000 per BTC. On May 12th, and June 13th, 2022, I had to sell my assets to a vendor, Unchained Capital to cover a collateralized loan I took out against my balance.

The Bitcoin that was once valued at $214,000 (per the PSR), had fallen to less than $25,000 per coin, and is currently trading at $19,000 per coin. All of the principal, and any equity I had, evaporated. In short, I lost my life-savings in a matter of minutes.

This unexpected financial disaster is the reason for my motion to proceed in forma pauperis. In addition to this catastrophe, my father passed away on July 7th, 2022, and I had to pay for his funeral expenses. My parents are not wealthy, which is one of the reasons I moved my parents from Aurora, Colorado to Georgetown, Texas to live with me.

I do not have the means to afford an attorney for my appeals case. This is why I am asking for you to appoint a public defender. I have included the loan liquidation receipts from Unchained Capital, each loan liquidation receipt has the unique loan ID, highlighted for ease, along with the date of each transaction.

Your Honor, as you know, I am appealing my case due to ineffective assistance of counsel, on behalf of Mr. Anthony Solis.

Mr. Solis, absolutely refused to ask the prosecution for the exculpatory video evidence I sought from day one – October 22nd, 2021.

I repeatedly asked Mr. Solis to ascertain the video evidence from the prosecution which includes, but is not limited to, conversations, emails and text messages with the following dates:

- 10/22/21
- 1/26/22 (twice)
- 1/29/22
- 2/13/22 (via text message, in which I specifically provided Mr. Solis with the exculpatory video evidence I found in the public domain.)

I have many more instances in which I asked Mr. Solis to secure the video evidence, pre and post sentencing, 8/16/22, in which, again, **Mr. Solis failed to act.**

That said, tired of Mr. Solis' antics, on Wednesday, October 12th, 2022, I contacted Mr. Tortorice, the D.A. directly for the video evidence, **which was never provided.** An email in which I cc'd Mr. Solis on. Mr. Tortorice professionally replied to my request, I have included the email thread for your review. **Mr. Solis failed to act.**

Your Honor, it was not until I sent a "final email" to Mr. Solis on Saturday, October 15th, 2022 at 6:13am CT, did Mr. Solis FINALLY ask the prosecution for the video evidence.

Keep in mind Mr. Solis asked for the video evidence after:

- 60-days post sentencing (8/16/22)
- 244-days since Mr. Solis was provided with the video evidence per me (2/13/22)
- 358-days since I first asked Mr. Solis to obtain the video evidence (10/22/21)

Your Honor, this is unacceptable! **My Constitutional rights have been violated** throughout the aforementioned proceeding, the prosecution **NEVER PROVIDED** the exculpatory evidence to the defense. The **prosecution withheld this evidence from me**, and violated my Fourth Amendment Right to due process, along with the Due Process Protection Act. There is, and always has been a Brady violation in my case.

Your Honor, as you know, this all came to a head, when I discovered Brady v. Maryland on April 14th, 2022, and its implications on my case, that is when I confronted Mr. Solis about his dubious and outright, unethical "representation" of me. I believe have provided your chamber with those emails in my previous submissions.

You Honor, I have faced copious amounts of prejudice during the above-mentioned proceeding, adversity in which I had to personally overcome through my own due diligence.

The prosecution never provided the most crucial video evidence, my entry into the Capitol. Mr. Solis knew this all along, refused to act, and it wasn't until I called Mr. Solis on the carpet, did

Mr. Solis act. Never in my life, I have I heard of a "defense" attorney not request video evidence on behalf of their client, especially, when that video evidence is both material and favorable.

In Mr. Solis' email to Mr. Tortorice, dated October 15th, 2022, Mr. Solis alludes to a conversation he had with Mr. Tortorice about the video evidence prior to the status hearing on July 14th, 2022.

This is also confirmed in an email Mr. Solis sent me on Tuesday, September 27th, 2022. Per the email, Mr. Solis "sent" Mr. Tortorice the video from my entry into the Capitol, video in which I was able to find in the public domain.

During the status hearing, on July 14th, 2022, Mr. Tortorice stated the State handed over all of the video evidence. **This is not true**. Mr. Tortorice knew about the video, failed to produce the video in discovery (and thereafter), Mr. Tortorice stated this on the conference call. I would like a copy of the transcript to submit to the court as evidence.

Your Honor, the prosecution withheld exculpatory evidence from me, lied about it, and refuses to hand over the video.

Your Honor, I did not receive a fair legal proceeding, which is why I petitioned your chamber directly, after April 14th, 2022 (after I caught Mr. Solis). I had to overcome the State withholding video evidence (which they still have not produced), and to my amazement, my "defense" attorney's unwillingness to act on my behalf and actively working against me throughout his "representation" of me.

Your Honor, this is why I am petitioning your chamber again for vacatur relief, as Judge Sullivan did in 2009, in the case of "The United States v. Ted Stevens". There is a legal precedent set in this case, that is applicable to my case, the prosecution failed to disclose exculpatory evidence.

Your Honor, I appreciate your consideration for my request for vacatur relief.


Sincerely,


Daniel Michael Morrissey, MBA

Daniel Michael Morrissey, MBA

█████████

2/1/2024

Honorable Reggie B. Walton
U.S. Federal Court
333 Constitution Ave, N.W.
Washington D.C. 20001

Reference: Case No.: 1:21-cr-00660-RBW

Your Honor:

I am contacting you again because, as I have maintained through my legal proceeding the DOJ, Christopher Tortorice, and Anthony Solis, worked together to deny me my Constitutional right to Due Process, and I have been able to prove this for years now.

I'll keep this short.

On the status hearing you granted me on July 14th, 2022, you ask Tortorice directly, "...does the Government know of any such tape recording?"

Tortorice's reply, "No, Your Honor." Page three of court transcript, highlighted in orange.

This is a lie.

In an email dated, October 15th, 2022, Anthony Solis writes Tortorice:

"Chris:

You'll recall that PRIOR TO the July 14th, 2022 status conference in Mr. Morrissey's case, we discussed that Mr. Morrissey found, in the public domain, additional videos depicting him entering the Capitol."

I filed a complaint against Tortorice with the Office of Disciplinary Counsel, and in their reply, Becky Neal confirms: the existence of the "video" the government claims doesn't exist, and the fact that the video "...which shows that you entered the Capitol through an unlocked door, and supports your (my) defense you (I) did so out of necessity."

Your Honor, as you know, I cannot be denied life, liberty or property without Due Process, and I can prove beyond a reasonable doubt that Christopher Tortorice, intentionally and maliciously withheld exculpatory evidence, Brady Material, that exonerates me. Anthony Solis, conspired with Christopher Tortorice to withhold multiple pieces of video evidence that exonerates me.

█████████

Because of this, I am on the verge of being homeless, I have been completely bankrupted, cannot find employment, although I am more than capable, and well educated. What Christopher Tortorice, the DOJ, and Anthony Solis have done to me is wrong. I can prove everything I'm espousing.

I am asking that you accept the evidence I have submitted, and dismiss the charges against me, and also impose damages against Solis and Tortorice. I have lost everything. Absolutely everything.

I have included my breach of contract letter I sent to Solis last year. Solis is not entitled to ill-gotten gains.

I appreciate your time and consideration.


Sincerely,


Daniel Michael Morrissey, MBA

Daniel Michael Morrissey, MBA

████████████████████

2/28/2024

Honorable Reggie B. Walton
U.S. Federal Court
333 Constitution Ave, N.W.
Washington D.C. 20001

Reference: Case No.: 1:21-cr-660-RBW

Your Honor:

I have one, very simple question for you: if my constitutional right to due process codified in the 5th 14th Amendments was violated as Christopher Tortorice (representing the Government), and Anthony Solis (representing me, the defendant) intentionally withheld Brady Material (exculpatory video evidence) that exonerates me, as confirmed by Becky Neal, at the D.C. Disciplinary Counsel, how is any plea agreement I entered into, which was obviously made without full disclosure on either side, and coerced, legally binding?

The Government and my own private, "defense" attorney knew there was evidence that exonerated me, yet withheld the evidence from me, and the court. I have been raped of my constitutional rights.

Here are the videos from CCTV inside the Capitol:

CCTV Facing Columbus Door:

https://archive.org/details/MXDuwX6qZa3TAzrYM

Bad actors enter the scene at 9:29, gain agreement from the Capitol Police off camera and unlock the door.

My entry can be seen at 12:15-12:16 tall guy in grey North Face jacket.

CCTV Facing the Rotunda:

https://archive.org/details/columbus-door-eastside-opposite-view-1-6-21

My entry can be seen at 2:27 tall guy in grey North Face jacket

You can see I trip as I enter the Capitol I had no choice but to move forward (defense of necessity).

████████████████████

At no point did Anthony Solis secure or introduce this evidence to the court on my behalf, even after I explicitly instructed him to do so and when you read the transcript from the Status Hearing on July 14th, 2022, you, Your Honor, instruct Solis to introduce the video to the court (page 16), he still doesn't do it.

Your Honor, I am on the verge of being homeless, my utilities were shut off three weeks ago, and I've had to borrow money to make it the past seven months as I cannot find gainful employment due to this wanton prosecution of me.

The DOJ, Tortorice, and Solis intentionally withheld these videos from me, and the court. This is unconstitutional and I have incurred immeasurable harm because of this.

Your Honor, please do the right thing, subpoena Anthony Solis and impose the compensatory damages against him for what he has done to me. I will provide your chamber with a full description of the damages, because had Solis merely done his LEGAL OBLIGATION, and acted as my fiduciary and actually defending me, rather than working with Tortorice to deny me these videos, I would not be on the verge of being homeless.

Your Honor, please do the right thing. Defend the constitution, and my constitutional rights.


Sincerely,


Daniel Michael Morrissey, MBA

Daniel Michael Morrissey, MBA

███████████████

2/29/2024

Honorable Reggie B. Walton
U.S. Federal Court
333 Constitution Ave, N.W.
Washington D.C. 20001

Reference: Case No.: 1:21-cr-660-RBW

Your Honor:

It's Leap Day, a day that comes once every four years, and due to this wanton, prosecution of me, I am on the verge of being homeless. For the first time in my life, I am not able to make my rent payment, what Tortorice and Solis have done to me is absolutely criminal.

Because of their malfeasance, I was not given a proper legal proceeding, as I have espoused from day one, and have lost everything, and am now bankrupt, had my utilities shut off three weeks ago and on the verge of being homeless, all because the DOJ, Tortorice, and Solis hid evidence that exonerates me, from me, you, and the American People.

Your Honor, one of the greatest accomplishments of my life was attaining a perfect score on my Analytical Writing Assessment on the GMAT, I write at a postdoctoral-level, have registered work with the Writer's Guild of America West, Inc. yet cannot find gainful employment due to Tortorice and Solis' moral turpitude. I have been black listed from society and labeled things like racist, white-supremacist, insurrectionist, when they hid evidence that exonerates me.

Maybe you can call my landlord, Bill Crider, and explain to him why I'm a month late on my lease, because even as a proficient author as I am, even I am at a loss for words for what the DOJ and my private "defense" attorney, Anthony Solis did to me.

Bill Crider

512-508-0492

Sincerely,

Daniel Michael Morrissey, MBA

███████████████

Daniel Michael Morrissey, MBA

3/1/2024

Honorable Reggie B. Walton
U.S. Federal Court
333 Constitution Ave, N.W.
Washington D.C. 20001

Reference: Case No.: 1:21-cr-660-RBW

Your Honor:

First and foremost, I would like to thank you for the opportunity to contact your chamber directly
and provide you with pertinent evidence to prove my allegations of malfeasance and moral
turpitude on behalf of the DOJ, Christopher Tortorice, and Anthony Solis, my former, private
"defense" attorney. I have provided a case timeline to provide a conceptual map to significant
dates and events.

Your Honor, what Christopher Tortorice and Anthony Solis did to me goes far beyond
malfeasance; my life has been destroyed because of this. As I stated, I am going to be homeless
because of their acts, they hid evidence that exonerates me, and allowed me to go through this
process for deviant purposes.

I have had to borrow money to make it through the past seven months, and am all out of time and
all out of resources. My life has been devastated. I had to ship my 76-year-old mother to New
York, because I can't feed her, there's no heat in my house (my dog and I are freezing). My
utilities were shut off three weeks ago. I'm a month behind on my rent.

Had Solis honored his fiduciary duty, and presented the evidence on my behalf, I wouldn't be in
this position.

The only job offer I have received was a scam, once I became aware of the scam, I alerted the
CEO, Rich Higgins, and did not cash the check that was sent to me. I have a check on my desk in
the amount of $4,750, if I were a criminal, given how destitute I currently am, I would have
rationalized or justified cashing that check, but I didn't. Why? Because I knew that even though I
was suffering, it was not right to harm someone else, even if my needs were not being met. That
is the reason why I've included that information. I filed a report with the FBI, and never heard
back.

I have been labeled a racist, a white-supremacist, an insurrectionist, I entered the building out necessity, I am not any of those things. I've had my character assassinated without an opportunity to rebuff those allegations, and those defamatory remarks by the MSM and people within the DOJ, have had real-life consequences, for me. I cannot find employment.

Your Honor, I know I provided you with a lot of evidence, and it will take a while to pour through the evidence provided. However, I believe when you see what has been kept from you, and what has been done to me, you will see that my constitutional rights were not just denied, but not even considered.

Your Honor, please do something, I am on the verge of losing the little I have left. Please act. Please subpoena Anthony Solis, and call him to account for what he, and Christopher Tortorice have done to me. I am going to be homeless because of this.

I appreciate your time and consideration.


Sincerely,


Daniel Michael Morrissey, MBA

Daniel Michael Morrissey, MBA

3/9/2024

Honorable Reggie B. Walton
U.S. Federal Court
333 Constitution Ave, N.W.
Washington D.C. 20001

Reference: Case No.: 1:21-cr-660-RBW

Your Honor:

I had a (surprise) conversation with Anthony Solis on Wednesday, March 6th, 2024, and he told me that he put in a claim with his insurance carrier for a legal malpractice suit for his (criminal), wanton, malfeasant "representation" of me in the matter of The United States v. Daniel Michael Morrissey, case: 1:21-cr-660-RBW. I say surprise conversation because I had to call Solis from my old, Oakland number, and he picked up. Solis has been dodging me because he's attempting to run out the clock on the legal malpractice suit I am attempting to file against him.

When I asked Solis for his carrier and policy number he outright refused to provide that with me, he won't tell me the date he filed the claim either. Please, Your Honor, I have been consistent for two years, I have always told you the truth, unlike Solis and Tortorice, and I am pleading with you to compel Solis to provide me with his insurance carrier information, and policy number. If for whatever reason Solis is able to run out the clock and dodge his liability for his criminal representation, it will only further my plight, and deepen my dissent into destitution.

You Honor, you have the power and authority to administer justice, and that is exactly what I am asking you to do. As I've stated many times, I am a common man, and navigating this legal minefield has been very difficult for me, but I have stood up for myself, told the truth, in hopes that in the end, the truth will prevail. Please help me, Your Honor.

Why would Solis file a claim with his malpractice carrier if he didn't commit acts of malfeasance? Also, why would Solis confess to conspiring to withhold the exculpatory evidence from me two months after I was sentenced, if he did nothing wrong?

Your Honor, all I am seeking is the truth, the restoration of my name and the money Solis stole from me. Solis is not entitled to ill-gotten gains when he has breached his fiduciary duty. Solis never acted as a fiduciary, Solis was an assistant prosecutor and led me out to slaughter. My life has been devastated because of this, not to mention my mental health. I have endured unimaginable hardship.

Please, Your Honor, subpoena Solis to your courtroom. Have him stand before you and give an account for what he has done to me. I am more than willing to stand before you, Your Honor because I have nothing to hide. My story has not changed, nor will it, as I am, and always have told you the truth. I have a habit of doing that.

Anthony Solis
213-489-5880
anthonysolislaw@gmail.com

I appreciate your time and consideration.


Sincerely,


Daniel Michael Morrissey, MBA

Honorable Reggie B. Walton
U.S. Federal Court
333 Constitution Ave, N.W.
Washington D.C. 20001

Reference: Case No.: 1:21-cr-660-RBW (2255 Motion)

Ineffective Assistance of Counsel 6th Amendment Violations
Daniel Michael Morrissey, MBA

11/24/25

Daniel Michael Morrissey, MBA

███████████████████████

Honorable Reggie B. Walton
U.S. Federal Court
333 Constitution Ave, N.W.
Washington D.C. 20001

Reference: Case No.: 1:21-cr-660-RBW

**MOTION FOR POST-CONVICTION RELIEF: INEFFECTIVE ASSISTANCE OF
COUNSEL, ANTHONY SOLIS.**

**COMES NOW [Daniel Michael Morrissey], the Defendant in the above-captioned case, and
respectfully moves this Court for post-conviction relief under [Federal law, e.g., 28 U.S.C. §
2255]. The Defendant asserts that his Sixth Amendment right to effective assistance of
counsel was violated, as outlined below:**

**I. GROUNDS FOR RELIEF**

1. **Deficient Performance**
   - Counsel's (Solis) performance was objectively **unreasonable** and fell below
     professional norms required of a **competent defense attorney**. Specifically:
     - Solis knew about 5th, 14th Due Process clause, Due Process Protection Act
       (notice given at first court appearance), Brady v. Maryland, 1963, and the
       "Protection Order Governing Discovery, clause 12- Government's
       Discovery Obligations, **yet NEVER informed client of obligation to
       provide ALL exculpatory evidence.**
     - On 2/13/22 defendant provided a copy of the first Brady Video, **Solis lied
       and said it didn't matter** See text message screenshots
       1. **DOJ, Tortorice have an affirmative duty to provide
          exculpatory evidence.**
     - After 4/14/22 when the defendant caught Solis, Solis did everything he
       could to defraud the defendant, the court and impede justice.
     - Solis conspired with the prosecution to withhold exculpatory evidence
       critical to the defense.
       1. Never mentioned first Brady Video during Status Hearing 7/14/22
       2. See email dated 9/27/22
       3. See email dated 10/15/22 confession email
     - Solis failed to investigate or present evidence that would have exonerated
       me at or before sentencing
       1. See transcript from 7/14/22

2

        2. See email dated 8/13/22
        3. During sentencing does not acknowledge any further evidence for court to review before sentencing see transcript 8/16/22
- Solis never spoke up on my behalf during the status hearing on 7/14/22
        1. Allowed me to proceed to sentencing to conceal his misdeeds
- Solis allowed me to be sentenced and remanded without mentioning to the court there was video evidence withheld. 8/16/22
- 14th Amendment Equal Protection Clause,
        1. See Solis text political discrimination
  - o Evidence of this deficiency includes:
    - **Text Evidence:** See attachments
    - **Email Evidence:** See attachments
    - **Withheld Evidence:** I have provided your chamber with multiple Brady Videos that exonerate me-defense of necessity.

2. **Prejudice to the Defendant**
   - o Counsel's actions directly prejudiced the outcome of the case. Had the exculpatory evidence been disclosed, there is a reasonable probability that the result of the proceeding would have been different.
   - o Prejudice is evident in the following ways:
     - The Brady Videos wantonly and intentionally withheld from me show the inducement of the public's entry, bad actors, and displays that I entered the Capitol on January 6th, 2021 out of necessity, which is confirmed by Becky Neal at D.C. Disciplinary Counsel.

---

## II. LEGAL STANDARD

This motion is governed by the principles established in *Strickland v. Washington* (1984), 466 U.S. 668, which requires showing:

1. **Deficient Performance:** Counsel's actions were **objectively unreasonable**.
2. **Prejudice:** A reasonable probability exists that, but for counsel's **intentional inactions**, the result of the proceeding would have been different.

Additionally, the withholding of exculpatory evidence violates *Brady v. Maryland* (1963), 373 U.S. 83, which requires prosecutors to disclose evidence favorable to the accused, and also violates the 5th and 14th Amendments, the Due Process Protection Act, and violates the Governments Discovery Obligations, per the Protective Order Agreement, signed in December, 2021 by both parties, therefore making it an fully executed agreement.

## III. FACTUAL BACKGROUND

From the beginning of Solis' "representation" of me, in October, 2021, I asked him to obtain a copy of the video on me entering the Capitol that day, as I knew the Columbus Door(s) were opened from the inside, and once the doors were opened, I had no choice but to move forward, or be crushed by the crowd in a stampede.

When I received discovery in January, 2022, noticeably absent was my entrance into the Capitol on January 6th. However, in the Statement of Offense, my time and location of my entry into the building was clearly marked, which I found to be odd.

I hounded Solis to obtain the video. He never did. On 2/13/22 I provided a credible video of my entry into the Capitol from the CCTV point of view, Solis lied to me and said it didn't matter, and allowed for me to plead guilty.

On 4/14/22, I sent Solis an email titled "Exculpatory Evidence" , this is the point in time when I discover Brady v. Maryland, and its implications, this is when I knew I caught him withholding information and evidence from me. He reply to my text is very telling, "we should discuss".

No, he should have told me that I had a Constitutional Right to that video, and subsequent videos, that exonerate me.

Solis and Tortorice conspired against me to deprive me of my Constitutional Rights, because the facts of the case didn't fit the narrative of an insurrection. I was always guilty and it was only a matter of how guilty I was and what my punishment would be.

Solis and Tortorice displayed, and continue to embody defiance, impede justice and to defraud the court, along with the American public.

I can prove the following:

- **Deprivation of Rights Under Color of Law (18 U.S.C. § 242):**
- **Conspiracy Against Rights (18 U.S.C. § 241):**
- **Obstruction of Justice (18 U.S.C. § 1503):**
- **Conspiracy to Obstruct Justice (18 U.S.C. § 371):**
- **Misprision of Felony (18 U.S.C. § 4):**
- **Aiding and Abetting (18 U.S.C. § 2):**
- **Perjury or False Statements (18 U.S.C. § 1621, § 1001):**
- **Fraud Upon the Court:**
- **Misconduct in Office/Abuse of Power:**
- **Prosecutorial Misconduct:**
- **Brady Violation (Ethical Misconduct):**

## IV. REQUEST FOR RELIEF

Based on the above, the Defendant respectfully requests the following:

1. **Vacate the Conviction:** Overturn the conviction and sentence.
2. **Other Relief Deemed Just and Proper:** Restore my status before this political, wanton, malicious prosecution, as well as impose compensatory and punitive damages sought by the defendant against Solis, Tortorice and other bad actors (agencies, and or, entities) that conspired against me to deprive me of my Constitutional Rights for political purposes.
    1. Expunge all charges and a public declaration of the innocence for Daniel Michael Morrissey.
    2. Public proclamation of the **systematic** misdeeds, injustices, fraud imposed by Solis, Tortorice, Troolines, the FBI and the DOJ and acknowledgment of the conspiracy to deprive the defendant his Constitutional Rights.

## V. SUPPORTING EXHIBITS

[Attached is relevant documentation as exhibits, including the following:]

1. Copy of the email from Defense Counsel to the Prosecutor.
2. Evidence of the withheld exculpatory information
    1. Defendant already provided three Brady Videos to Judge Walton's chamber on flash drive, 11/12/24
3. Trial transcripts or other case records demonstrating the prejudice caused by the errors.

## VI. CONCLUSION

WHEREFORE, the Defendant prays that this Court grant the requested relief and provide an opportunity to rectify the **GREAT** miscarriage of justice caused by ineffective assistance of counsel and prosecutorial misconduct.

**Respectfully submitted,**

Daniel Michael Morrissey, MBA

I attended the speech at the Ellipse on January 6th, 2021, to hear President Trump's speech, I am obviously a Trump supporter. In my complaint, I alleged Mr. Solis discriminated against me on a political basis.

Here is a screenshot from a conversation Mr. Solis and I had on February 11th, 2022.



My text thread in green, Mr. Solis in grey.

Mr. Solis claimed he'd rather "snort bath salts", then be a Trump supporter. If this were any other classification, religion, race, sex, age, socio-economic status, etc. this would be clear discrimination. Given the nature of my charge, and its political connotations, I feel Mr. Solis was bias against me, in hindsight, because Mr. Solis' actions, or lack thereof, during the proceeding.

How else am I to interpret that? Like I said, at the time, I brushed it off and laughed, but given everything I know now, I believe Mr. Solis didn't represent me objectively. If Mr. Solis didn't feel he could represent me without bias, then he shouldn't have taken my case. It's not as if Mr. Solis wasn't aware of the events of January 6th, and the broader political implications associated with that day.

The text message I sent to Mr. Solis, on February 13th, 2022, with a link to the video evidence I had repeatedly asked Mr. Solis to ascertain from the prosecution.



Mr. Solis' reply:



My reply to Mr. Solis continued:



My text thread is in green, Mr. Solis' text thread is in grey.

In my complaint, I alleged Mr. Solis made misleading statements, this is a prime example of Mr. Solis making misleading statements.

Mr. Solis stated:

"I'm still trying to struggle to figure out what difference it makes."

"If some ridiculous employee let you in is (sic) that mean you have a right to be there."

What difference did it make? On April 14th, 2022, when I brough the Brady Rule violation to Mr. Solis' attention, and stated the prosecution **had to** turn over that evidence, at NO POINT did the prosecution present that evidence, Mr. Solis was quite. Only to later add via text, "we should discuss".

The evidence didn't change, only the fact I discovered the Brady Rule and brought it to Mr. Solis' attention, that's what changed.

Mr. Solis has entered a motion to delay my sentencing from May 24th, 2022, to July 2022, to "further investigate".

If that video, and the prosecution's failure to disclose the video didn't matter, as Mr. Solis suggests, why did Mr. Solis enter a motion to delay my sentencing to "further investigate" the Brady violation, I pointed out on April 14th, 2022?

Mr. Solis was aware of the Brady Rule the entire time, and withheld the knowledge of the Brady Rule from me, and told me, "I'm still trying to struggle to figure out what difference it makes."

My reply to Mr. Solis' legal analysis was, "Fair enough. That's the video I wanted bc that's my point of entry. If it doesn't matter, then it doesn't matter…"

**It did matter!** That's why Mr. Solis only acted after I called him out on April 14th, 2022. Mr. Solis knew it the whole time, Mr. Solis failed me as a fiduciary, and to represent me with zeal.

That's why I noted in my complaint Mr. Solis withheld key facts, and laws from my case, and made misleading statements.

This is the text message I received from Mr. Solis after my "Exculpatory Evidence" email, dated April 14th, 2022, where I notified Mr. Solis, I discovered the Brady Rule and its implications in my case.



The subsequent replies:





My text thread is in green, Mr. Solis' text thread is in grey.

5/12/22, 9:57 PM                     All mail | ███████████ rotonMail

## Exculpatory Evidence

From:  Morrissey ████████████

To    Anthony Solis <anthonysolislaw@gmail.com>

Date:  Thursday, April 14th, 2022 at 2:56 PM

*[handwritten: THE GOTCHA EMAIL TO SOLIS]*

Anthony,

I would like to discuss my reasoning for my defense based on the McFadden ruling.

In McFadden's ruling, McFadden noted, "Intent was key" and if Martin, the defendant, had officer's permission to be inside and it was reasonable or plausible because the officers did not try to stop him.

I know what you're going to say, when I was standing in front of the police, at what point did I believe I had the permission to be inside? It's a moot point.

Like in other instances, while inside the Capitol, the people I was mixed in with were negotiating with the Capitol Police to let us in further. This can be seen on the Jayden X video.

Speaking of videos, the video I sent you, which clearly shows someone in the Capitol Police opening the Rotunda Doors, by releasing the magnetic locks, the prosecution withheld that video from us in discovery, which I believe is exculpatory evidence.

The State knew my point of entry, knew what I time I entered (and how long I remained in the Capitol), yet they, knowingly, or not, withheld that video in discovery.

In Brady v Maryland the ruling states, "A **"Brady material"** or evidence **the prosecutor is required to disclose** under this rule includes **any evidence favorable to the accused--evidence that goes towards negating a defendant's guilt,** that would reduce a defendant's potential sentence, or evidence going to the credibility of a witness.

Further, in cases subsequent to *Brady,* the Supreme Court has eliminated the requirement for a defendant to have requested a favorable information, stating that the **Prosecution has a constitutional duty** to disclose, that is triggered by the potential impact of favorable but undisclosed evidence *See Kyles v. Whitley, 514 U.S. 419, 434 (1995)* and *United States. v. Bagley, 473 U.S. 667 (1985).*

The defendant bears the burden to prove that the undisclosed evidence was **both material and favorable.** In other words, the defendant must prove that there is a **"reasonable probability"** that the outcome of the trial **would have been different,** had the evidence been disclosed by the prosecutor. *See Kyles, 514 U.S. at 433 (1995)"*

Remember when the prosecution said, "They don't know how I got into the Capitol." They did, they had the video, which I believe, proves my point – I had a **reasonable belief at the time I entered the Capitol,** because I was let into the Capitol by the Capitol Police, thus had I not been allowed inside, then the subsequent charges would not have occurred.

However, the prosecution withheld, knowingly, or not, the video in discovery.

My defense the entire time has been, the Capitol Police let me inside. Had the Rotunda Doors (a public point of entry) not been opened by the Capitol Police, which gave me **"reasonable probability",** none of the charges would have occurred.

   - Dan

5/13/22, 9:54 AM                        All mail ████████████     ProtonMail

## (No Subject)

From: Morrissey ████████████

To        Anthony Solis <anthonysolislaw@gmail.com>

Date:   Thursday, April 14th, 2022 at 9:26 PM

Anthony,

I'm going to save us both the trouble of having a conversation tomorrow. To be honest, I don't want to talk to you, because the only thing I'm think about now is, what else are you not telling me. Whatever trust I had in you is gone. So, whatever you plan on telling me tomorrow, I don't care.

Here's what I need:

1. I need you to withdraw my guilty plea, or tell me how I can do it. *TOLD ME BEFORE 4/14/22*
   a. Provide documentation showing my plea is withdrawn.
2. What are my options
   a. Not guilty verdict ?
   b. Dismissal ?
   c. Mistrial ?
3. How do I move forward with each?
4. What is the process now that I've withdrawn my plea based on the new information?
5. Who do I need to contact?

*I WOULD NEED GOOD CAUSE "HARD" TO SHOW ~ SOLIT*

I have no interest in getting to an argument on Good Friday. I'll save us both the trouble.

-Dan


Sent with ProtonMail secure email.

Daniel Michael Morrissey, MBA

████████████████

4/15/2022

Honorable Reggie B. Walton
U.S. Federal Courts
333 Constitution Ave, N.W.
Washington, D.C. 20001

Reference: Case No.: 1:21-cr-00660-RBW

Your Honor:

I am writing to inform the court, there has been a significant issue with Mr. Solis' representation of me, which I discovered yesterday, April 14, 2022.

At the time I entered my plea, I was not aware of the issues, which came to light on April 14th, 2022.

I am in the process of seeking other legal guidance to determine what I should do. I have not yet, dismissed Mr. Sollis from representing me, until I receive proper legal guidance to do so.

I felt an obligation to let the court know of the issue with Mr. Solis' representation of me, which is vital to my case, and was unsure of how to notify the court, so my apologies for faxing this information.

Please let me know how I should proceed.

Sincerely,


Daniel Michael Morrissey, MBA

Daniel Michael Morrissey, MBA

█████████████████

4/17/2022

Honorable Reggie B. Walton
U.S. Federal Court
333 Constitution Ave, N.W.
Washington D.C. 20001

Reference: Case No.: 1:21-cr-00660-RBW

Your Honor:

I am writing you to follow up on the facsimile message I sent to your chamber on April 15th, 2022, in which I notified the court of an issue with my (private) defense attorney, Mr. Anthony Solis. As you know, I formally pled guilty to statute: 40 U.S.C. 5104(e)(2)(G) "Willfully and knowingly parading, demonstrating, or picketing on, or, in Capitol Grounds" in your courtroom on February 24th, 2022, and am due to be sentenced by you on May 24th, 2022.

That said, I believe there is a Brady Rule Violation, Brady v. Maryland, 373 U.S. 83 (1963), with regard to my case. I was not aware of what a Brady Rule Violation was, until I had conducted further research about my case, on April 14th, 2022, several weeks after entering my plea in your courtroom, and several weeks before I am due to be sentenced by you.

I am contacting your chamber directly, because, as I mentioned, there is an issue with my defense counsel, and I have not yet made a decision on what to do, until I receive legal advice as to how to move forward. However, I believe it is imperative I make the issues surrounding my case known, before the court, as soon as possible.

According to the Due Process Protections Act (DPPA), October 21st, 2020, "In all criminal proceedings, on the first scheduled court date when both the prosecutor and defense counsel are present, the judge shall issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such order under applicable law. My first court appearance in front of you, with prosecution and defense counsel present was December 6th, 2021, via Zoom.

During my conversations with Mr. Solis, I specifically asked Mr. Solis (several times) for the prosecution to provide the video of my point of entry, which was through the Rotunda Doors at 2:27PM on January 6th, 2021. Mr. Solis openly mocked me, and dismissed my requests (I have the documentation to prove it, and would be happy to provide the court) each, and every time I made the request. The video of my entry into the Capitol on January 6th, 2021, is both material

and favorable, this is why I asked Mr. Solis to obtain the video from the prosecution. At no point was the video of my entry into the Capitol ever provided by the prosecution, even after requesting the video several times from Mr. Solis. I sent Mr. Solis a public video, released from the Capitol showing my point of entry, the Rotunda Doors, shortly before my time of entry, 2:27PM on January 6th, 2021, and asked Mr. Solis again, to obtain the video from the prosecution, no attempt was ever made.

Under the Brady Rule:

In Brady v Maryland the ruling states, "A "Brady material" or evidence **the prosecutor is required to disclose** under this rule includes **any evidence favorable to the accused--evidence that goes towards negating a defendant's guilt,** which would reduce a defendant's potential sentence, or evidence going to the credibility of a witness.

The defendant bears the burden to prove that the undisclosed evidence was **both material and favorable.** In other words, the defendant must prove that there is a **"reasonable probability"** that the outcome of the **trial would have been different**, had the evidence been disclosed by the prosecutor. *See Kyles*, 514 U.S. at 433 (1995)"

On April 14th, 2022, I brought the Brady Rule to Mr. Solis' attention, and he was silent, only to later add, via text message "we should discuss". Although I didn't know the name of the rule, I knew I had a right to all of the evidence the prosecution had against me, especially when the evidence is both material and favorable. I didn't know how to articulate the rule, but I knew such a rule had to exist, and it wasn't until April 14th, 2022, did I discover the name of the Brady Rule, and its implications, that's when I presented the information to Mr. Solis.

In addition to a "potential" Brady Rule Violation in my case, I also believe I have ineffective, if not, dishonest counsel, as Mr. Solis was aware of the Brady Rule, failed to mention the Brady Rule, or the fact I have a right to the evidence, even after I specifically requested the evidence. Mr. Solis actively withheld this information (the knowledge of the Brady Rule) from me, it is reasonable to believe Mr. Solis was aware of the Brady Rule, yet never discussed this rule with me, nor did Mr. Solis attempt to retrieve the material and favorable evidence from the prosecution.

I believe I have a claim to Ineffective Assistance of Counsel:

(1) that their trial lawyer's performance fell below an "objective standard of reasonableness" and (2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668 (1984).

Although my case did not go to trial, I believe Mr. Solis' representation of me fell below "an objective standard of reasonableness" there is a "reasonable probability that, but for counsel's unprofessional error(s), the result of the proceeding would have been different."

It is reasonable to conclude, Mr. Solis withheld the knowledge of the Brady Rule from me, especially citing the DPPA notice at my first appearance, December 6th, 2021, and even when I asked Mr. Solis multiple times for the evidence from the prosecution. According to Kyles v. Whitley 514 U.S. 419, 434 (1995) and *United States. v. Bagley*, 473 U.S. 667 (1985).

The prosecution has a Constitutional duty to disclose the evidence whether I specifically asked Mr. Solis for the evidence, or not.

Your Honor, I believe there is sufficient evidence to determine my Constitutional rights have been violated during the aforementioned proceeding, mainly my Constitutional right to due process, and my Constitutional right to have the assistance of counsel.

I believe I have established the suppression of evidence element of Brady, "The intentional non-disclosure of evidence favorable to an accused and asked for by the accused, where that evidence is material either to guilt or punishment".

In U.S. v. Bin Laden, 397 F. Supp. 2d 465 (2005), "…because the videotapes were in the possession of a member of the prosecution team before, during, and after trial, any potential Brady ... information contained therein was *suppressed* under this standard." In Harrington v. State of Iowa, 659 NW 2nd 509 (2003) "Regardless of whether the prosecutor actually learns of the favorable evidence, the prosecution bears the responsibility for its disclosure. Thus, it is the fact of nondisclosure that is important; the good faith or bad faith of the prosecution in failing to produce the evidence is not."

Your Honor, I also believe I have established my assertion of ineffective, if not, dishonest counsel with regard to Mr. Solis, which is a violation of my Constitutional right to have the assistance of counsel. Please keep in mind, I retained Mr. Solis' services as a private defense attorney.

In Huges v. Phillips, 457 F. Supp. 2D 343 (2006) "Brady requires disclosure of the material **exculpatory evidence early enough so that the defense can make use of the information**." I repeatedly asked Mr. Solis to ascertain the video evidence, not provided by the prosecution, Mr. Solis failure to act on my behalf, only illustrates Mr. Solis' incompetence, or bias against me as his client. Mr. Solis mocked me, ignored me, and dismissed my request for the evidence I sought. I believe Mr. Solis actions, or inactions, violate my Constitutional right to the assistance of counsel.

At this time, I have not dismissed Mr. Solis. However, I have informed Mr. Solis of the issue, and my mistrust in his representation of me, for obvious reasons.

I am due to be sentenced by you on May 24th, 2022, and wanted to bring my concerns to your attention before my sentencing.

How would the court like me to proceed?

Sincerely,


Daniel Michael Morrissey, MBA