**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA )
)
)
v. )
) Civil Action No. 21-660 (RBW)
DANIEL MICHAEL MORRISSEY, )
)
Defendant. )
)

**<u>ORDER</u>**

On February 23, 2022, the defendant pleaded guilty to Parading, Demonstrating, or

Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).  <u>See</u> Minute ("Min.")

Entry (Feb. 23, 2022); Plea Agreement at 1, ECF No. 16.  On August 16, 2022, the defendant

was sentenced to a forty-five day period of incarceration and a thirty-six month period of

probation.  <u>See</u> Judgment in a Criminal Case at 2, 4, ECF No. 37.  The Court also imposed a fine

of $2,500, restitution in the amount of $500, and a special assessment of $10.  <u>See</u> <u>id.</u> at 8.

However, in light of the District of Columbia Circuit's holding in <u>United States v. Little</u> that

"[p]robation and imprisonment are alternative sentences that cannot generally be combined[,]"

78 F.4th 453, 461 (D.C. Cir. 2023), the Court resentenced the defendant to a three year period of

probation, <u>see</u> Judgment in a Criminal Case at 2, ECF No. 77.

Subsequently, on November 8, 2024, the defendant filed a motion under 28 U.S.C.

§ 2255 to vacate his guilty plea and sentence.  <u>See</u> <u>generally</u> Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Def.'s § 2255 Mot."),

ECF No. 86.  The defendant's motion was based on three grounds: (1) alleged violations of his

due process rights resulting from the government's alleged failure to comply with its <u>Brady</u>

obligations relating to videos of individuals entering the Capitol Building, <u>see</u> <u>id.</u> at 5; (2) a claim

of ineffective assistance of counsel by his former counsel, Anthony Solis, see id. at 6; and (3) a claim under the Eighth Amendment based on the government's prosecution and alleged denial of the defendant's "right to earn a living" due to "smears" against his character resulting from the prosecution, see id. at 8. Finally, after the defendant was pardoned by President Trump, the Court denied as moot the defendant's § 2255 motion that was pending resolution by the Court. See Order at 1 (Jan. 30, 2025), ECF No. 89.

On October 15, 2025, the Court denied without prejudice in part and held in abeyance in part the defendant's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(3), ECF No. 95, as supplemented by his Addendum to Rule 60(b)(3) Motion, ECF No. 96. See generally Order (Oct. 15, 2025), ECF No. 101. Specifically, the Court denied the motion "to the extent that it [sought] to (1) bring legal malpractice or other claims for damages directly against his prior counsel in this matter; and (2) bring claims for damages against the Assistant U.S. Attorney in this matter." Id. at 3. The Court further indicated that it would address the defendant's motion to vacate his sentence in a separate Order. See id. at 3 n.2.

Since the issuance of the Court's October 15, 2025 Order, the defendant has filed nearly a dozen additional pro se motions, including: (1) a motion requesting that the Court adjudicate the components of his pending motions held in abeyance by the Court's prior Order, see Motion to Adjudicate in Abeyance Order ECF[] No. 101 ("Def.'s Mot. for Ruling"), ECF No. 103; (2) a motion seeking to have this Court recuse itself, see Motion for Recusal of Judge Reggie B. Walton ("Def.'s Mot. for Recusal"), ECF No. 105; (3) an Emergency Petition for Writ of Mandamus ("Def.'s Pet."), ECF No. 138; (4) a motion requesting that the Court treat as conceded his motion for restitution and damages, see Notice of Government's Failure to Oppose My Motion 111 and My Motion for Immediate Entry of Judgment in the Amount of $683,000

2

("Def.'s Mot. for Damages"), ECF No. 143; (5) a motion requesting that the Court treat as conceded his motion to vacate his sentence, see Motion for Entry of Judgment on Conceded Motion (ECF No. 95/96) Pursuant to Local Civil Rule 7(b) ("Def.'s Mot. for J."), ECF No. 144; (6) a motion to compel Anthony Solis, his former lawyer in this matter, to disclose certain professional liability insurance information, see Special Memorandum to Compel Anthony Solis to Disclose Professional Liability Insurance Carrier and Policy Information ("Def.'s Mot. to Compel"), ECF No. 146; (7) a motion for access to his letter to the Court previously filed under seal in this matter, see Motion for Inquiry into Missing Docket Entry ECF No. 98 and Motion for Immediate Access to Unredacted Filing ("Def.'s Mot. to Unseal"), ECF No. 148; and (8) a motion requesting that the Court replace the copy of his motion to vacate his sentence, which he argues is incomplete, with the complete motion, see Motion for Inquiry: Facts Not in Evidence Regarding ECF No. 86 Disparity ("Def.'s Mot. to Replace Filing"), ECF No. 149.[1]

**A.      The Defendant's Motion for Recusal**

The defendant first seeks to have this Court recuse itself on two grounds.  First, pursuant to 28 U.S.C. § 144, the defendant argues that this Court "has a personal bias against the [d]efendant in favor of the plea proceedings[ in this case.]"  Def.'s Mot. for Recusal at 1. Second, pursuant to 28 U.S.C. § 455, the defendant argues that this Court's "impartiality in this matter may be reasonably questioned, given his active participation in the very conduct that constitutes [f]raud [u]pon the Court[,]" i.e., the alleged withholding of Brady material and related entry of the defendant's guilty plea.  See id.  For the reasons stated below, the Court concludes that it must deny his motion for this Court's recusal under either statute.

Under 28 U.S.C. § 144:

---

[1] The defendant has filed several other pro se submissions since the Court's October 15, 2025, Order, which the Court will address along with his motion to vacate.

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . . A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.  And, under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  The party moving for disqualification of the judge must make "a showing of an appearance of bias or prejudice sufficient to permit the average citizen reasonably to question a judge's impartiality . . . ."  United States v. Bostick, 791 F.3d 127, 155 (D.C. Cir. 2015) (quoting United States v. Heldt, 668 F.2d 1238, 1271 (D.C. Cir. 1981) (emphasis omitted)); see also Sec. & Exch. Comm'n v. Loving Spirit Found., Inc., 392 F.3d 486, 493 (D.C. Cir. 2004) ("Recusal is required when 'a reasonable and informed observer would question the judge's impartiality.'" (quoting United States v. Microsoft Corp., 253 F.3d 34, 114 (D.C. Cir. 2001))).

"In order to prevent a truly biased judge from blocking an attempt to recuse, the judge, in deciding whether to grant the recusal motion, must accept the affidavit's factual allegations as true even if the judge knows them to be false."  Loving Spirit Found., Inc., 392 F.3d at 493.  "On the other hand, disqualification is not automatic upon submission of affidavit and certificate; rather, the judge must review these submissions for legal sufficiency, and construe them strictly against the movant to prevent abuse[.]"  United States v. Miller, 355 F. Supp. 2d 404, 405 (D.D.C. 2005) (internal citations omitted).

"[B]ecause judges are presumed to be impartial, 'the Court must begin its analysis of the allegations supporting . . . a request [for recusal] with a presumption against disqualification.'"

4

Sec. & Exch. Comm'n v. Bilzerian, 729 F. Supp. 2d 19, 22 (D.D.C. 2010) (second alteration in original) (quoting Cobell v. Norton, 237 F. Supp. 2d 71, 78 (D.D.C. 2003)); accord United States v. Ali, 799 F.3d 1008, 1017 (8th Cir. 2015) ("[A] party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." (quoting Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003))).  And, the Supreme Court has made clear that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 410 U.S. 540, 555 (1994).  Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id.

Applying this framework to the defendant's request in this case, the motion must be denied.  The crux of the defendant's claim is that during a July 14, 2022, status conference, after the defendant had entered a guilty plea, he informed the Court of his Brady claim, and in response, his counsel indicated that he "could not pursue [his Bar] complaint and maintain his representation." Def.'s Mot. for Recusal, Exhibit 1 (Affidavit of Bias and Prejudice) at 1, ECF No. 105-1.  According to the defendant, the Court allegedly "pressured [him] by stating that if [he] pursued the [Bar] complaint, [he] would lose [the representation of his attorney], which would 'create a problem with [the attorney] representing [the defendant] at [his] sentencing.'" Id.  However, the Court's representation regarding the attorney's ability to continue his representation of the defendant if he pursued his Bar complaint was both factual and based on the Court's concern that the defendant would subsequently raise an ineffective assistance of counsel claim—as he now has—and therefore did not "display a deep-seated favoritism or antagonism

5

[by the Court] that would make fair judgment impossible." Liteky, 410 U.S. at 555. And, the defendant's disagreement with the Court's decision to defer ruling on his pending motion to vacate his sentence is insufficient because, "allegations regarding the Court's case management and decisions are simply insufficient to warrant recusal." Nabaya v. Dudeck, 38 F. Supp. 3d 86, 95 (D.D.C. 2014) (citing Loving Spirit Found., 392 F.3d at 494) ("[I]f disqualification were required merely as the result of [a party's] disagreement with judicial conclusions reached in the course of litigation, the judicial system would grind to a halt."). Thus, the Court will deny the defendant's motion and address his other more recent motions.

**B.      The Defendant's Docket-Related Motions**

The defendant has also filed motions for access to the letter he sent to the Court previously filed in this matter and filed under seal, see Def.'s Mot. to Unseal, and to replace the copy of his motion to vacate his guilty plea and sentence that is currently docketed in this matter, which he argues is incomplete, with what he represents is the complete motion, see Def.'s Mot. to Replace Filing. In regards to the plaintiff's motion for access to the unredacted filing that is under seal, the Court notes that, upon receipt of a letter submitted by the defendant regarding his personal circumstances and hardships, the Court granted leave to file the letter under seal given the personal nature of the information in the letter. See Min. Order (Sept. 18, 2025) ("Leave to file the defendant's letter under seal is granted."). Because the defendant now desires to have that letter docketed publicly, the Court will grant his motion to the extent that it seeks to unseal his letter. And, as to his motion to replace the version of his motion to vacate currently docketed at ECF No. 86 with the version he represents is the complete copy of the motion, the Court notes that any submission received by the Clerk of the Court is docketed in full. In any event, the

6

Court will grant the defendant's motion to the extent that it seeks to file what he represents is the complete motion as a supplement to the previously docketed motion.

**C.      The Defendant's Motion to Compel the Disclosure of His Former Counsel's Professional Liability Information**

The Court next addresses the defendant's motion to compel Mr. Solis to disclose his professional liability insurance information.  See Def.'s Mot. to Compel at 1.  The defendant argues that he has sought to obtain Mr. Solis's information via a "Breach of Contract Demand Letter."  Id.  However, as the Court has already indicated, to the extent that the defendant is seeking to bring a civil suit against Mr. Solis, such as a claim for breach of contract or some other claim, he must pursue those claims in a separate civil lawsuit.  Thus, the Court denies his motion that it compel Mr. Solis to disclose information regarding his personal liability insurance.

**D.      The Defendant's Motions for the Court to Adjudicate His Claims**

The Court now turns to the defendant's motions that seek to have the Court adjudicate the merits of his motion to vacate his sentence or grant him his requested relief based on the government's failure to respond to his motions for the relief he is requesting.  See Def.'s Mot. for Ruling; Def.'s Pet.; Def.'s Mot. for Damages; Def.'s Mot. for J.  For the following reasons, the Court will deny each of the plaintiff's motions.

First, the plaintiff has filed his petition for a writ of mandamus in this Court, rather than in the District of Columbia Circuit, as he is required to do.  See Fed. R. App. P. 21(a).  Indeed, the plaintiff's emergency petition appears directed to the D.C. Circuit and not this Court.  See Def.'s Pet. at 1.  However, it does not appear that the defendant's petition has been filed with the D.C. Circuit, and thus, to the extent that he seeks to file it in this Court, the petition is denied.

7

Second, as to the defendant's motion seeking that the Court enter judgment in his favor for restitution and damages against the United States for prosecutorial misconduct allegedly committed in his case, the Court has previously explained that the defendant may not bring claims for damages in this case. To the extent that the defendant wishes to seek sanctions in the context of his § 2255 motion, such a request may only be granted if the Court concludes that prosecutorial misconduct did occur and that sanctions for that misconduct are appropriate. Thus, the Court will deny without prejudice the defendant's motion seeking to have the Court enter judgment in his favor on his motion for restitution and damages.

Similarly, the defendant argues that because the government has failed to file an opposition to his motion to vacate that he filed in July 2025, the Court must treat the defendant's motion to vacate as conceded and grant him his requested relief. See generally Def.'s Mot. for J. However, the defendant's argument is misplaced. Unlike a typical motion, motions to vacate under § 2255 do not automatically trigger the government's obligation to respond. Instead, the Court must first assess the motion, any attachments, and the record in the case in order to determine whether those materials "conclusively show that the [petitioner] is entitled to no relief[,]" and if it concludes that he may be entitled to the relief he seeks, it is the Court's obligation to notice the government and order that a response be filed. See 28 U.S.C. § 2255(b). Thus, the Court must deny the defendant's motion to treat his motion to vacate as conceded.

However, upon review of the record in this case, the Court concludes that a limited response from the government at this time is warranted before the Court determines whether the record in this case conclusively shows that the defendant is entitled to no relief. As indicated above, in response to the Presidential pardon that was issued, the Court denied the defendant's initial § 2255 motion as moot. See Order at 1 (Jan. 30, 2025). However, the defendant argues

8

that his claims are not moot because he "formally rejected his Presidential Pardon on June 9[,] 2025 and remitted to the U.S. Pardon Attorney." Def.'s Mot. for Ruling at 1. Further, while not raised by any of the parties previously, the D.C. Circuit has held that, even where portions of the defendant's claims are mooted due to the end of his period of incarceration, he may still pursue relief from other aspects of his sentence, such as the imposition of a special assessment and restitution. See United States v. Mejia, No. 20-3086, 2022 WL 4280686, at *1 (D.C. Cir. Sept. 14, 2022). Thus, the Court will: (1) order the government to indicate its position as to whether this Court should reconsider its prior finding that the defendant's motion to vacate his sentence is moot due to the issuance of the Presidential pardon in light of the defendant's purported rejection of that pardon; and (2) permit the defendant to file a response to the government's submission, should he wish to do so, before making its determination as to whether to order the government to respond to the merits of the defendant's motion to vacate. Accordingly, it is hereby

ORDERED that the defendant's Motion to Adjudicate in Abeyance Order ECF[] No. 101, ECF No. 103, is **DENIED WITHOUT PREJUDICE**. It is further

ORDERED that the defendant's Motion for Recusal of Judge Reggie B. Walton, ECF No. 105, is **DENIED**. It is further

ORDERED that the defendant's Emergency Petition for Writ of Mandamus, ECF No. 138, is **DENIED**. It is further

ORDERED that the defendant's Notice of Government's Failure to Oppose My Motion 111 and My Motion for Immediate Entry of Judgment in the Amount of $683,000, ECF No. 143, is **DENIED WITHOUT PREJUDICE**. It is further

ORDERED that the defendant's Motion for Entry of Judgment on Conceded Motion (ECF No. 95/96) Pursuant to Local Civil Rule 7(b), ECF No. 144, is **DENIED**. It is further

**ORDERED** that the defendant's Special Memorandum to Compel Anthony Solis to Disclose Professional Liability Insurance Carrier and Policy Information, ECF No. 146, is **DENIED**.  It is further

**ORDERED** that the defendant's motion to unseal his letter to the Court, see Motion for Inquiry into Missing Docket Entry ECF No. 98 and Motion for Immediate Access to Unredacted Filing, ECF No. 148, is **GRANTED IN PART AND DENIED IN PART**.  The motion is **GRANTED** to the extent that it seeks to unseal the defendant's letter filed with the Court under seal at ECF No. 98.  The motion is **DENIED** in all other respects.  It is further

**ORDERED** that the defendant's Motion for Inquiry: Facts Not in Evidence Regarding ECF No. 86 Disparity, ECF No. 149, is **GRANTED IN PART AND DENIED IN PART**.  The motion is **GRANTED** to the extent that it seeks leave to file the attached exhibit as a supplement to his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 86.  The motion is **DENIED** in all other respects.  It is further

**ORDERED** that, on or before March 3, 2026, the government shall indicate its position as to whether this Court should reconsider its prior finding that the defendant's motion to vacate his sentence is moot due to the issuance of the Presidential pardon and the defendant's purported rejection of that pardon.  It is further

**ORDERED** that, on or before March 24, 2026, the defendant shall file his response to the government's memorandum, should he wish to do so.

**SO ORDERED** this 3rd day of February, 2026.

REGGIE B. WALTON
United States District Judge